**William D. HAGER, Plaintiff,**

v.

**DAVIS TRANSPORT, INC., Defendant.**

**Civ. No. 87–194–A.**

United States District Court, S.D. Iowa, C.D.

July 10, 1989.

Robert C. Rouwenhorst of Davis, Grace, Horvath, Gonnerman & Rouwenhorst, P.C., Des Moines, Iowa, for plaintiff.

Nick Critelli of Nick Critelli Associates, P.C., Des Moines, Iowa, for defendant.

## ORDER

WOLLE, District Judge.

This action to recover unpaid insurance premiums, tried to a jury on April 17 and 18, 1989, resulted in a verdict for the plaintiff, Iowa's Insurance Commissioner serving as liquidator of Carriers Insurance Company [Carriers], in the sum of $132,758.03. Defendant Davis Transport, Inc., contended before and during trial that Carriers had failed to perform obligations of insurer under the policies for which it was seeking to recover premiums, and defendant contended it was entitled to have the jury consider the Carriers breach of contract as a defense to the action, or as a setoff and counterclaim reducing the amount of premium owed. The primary issues presented during the trial and in the defendant's pending motion for new trial concern the constitutionality and applicability of Iowa Code chapter 507C, entitled "Insurers Supervision, Rehabilitation and Liquidation Act," enacted in 1984. The court read section 507C.30(2) of that statute, and the statutory scheme in general, to preclude the defendant from asserting those defenses and claims other than through the liquidation proceedings provided for by chapter 507C. A relevant stated purpose of the statute is "the protection of the interests of insured, claimants, creditors, and the public" when insurance companies must be liquidated. During trial, the court denied the defendant's due process and equal protection challenges to Iowa Code section 507C.30(2), thereby effectively precluding defendant from having the jury consider either by way of setoff or counterclaim, its affirmative allegations of breach of contract and failure to perform obligations of an insurer.

On the pending motion for new trial defendant again contends that this court's instructions to the jury were incorrect, and that this court's application of chapter 507C in this case deprived defendant of due process and equal protection of the law. The court again rejects those contentions and denies defendant's motion for new trial.

## I. *Jury Instructions.*

Defendant contends the jury should have been instructed on its pleaded defenses of failure of consideration, and set-off and its pleaded counterclaim in that defen-

dant presented evidence that Carriers had not investigated and paid certain claims which should have been deemed covered by the Carriers insurance policy. The court instructed the jury in Instruction No. 11 that "any failure by Carriers to pay claims is not a defense to plaintiff's claim in this case for premiums owed to Carriers." Defendant cites Iowa Code section 537A.3, a statute that in ordinary contract actions allows failure of consideration of a written contract to be shown as a defense to a contract action.

The court concludes that section 537A.3, a general provision, must yield to the more specific provisions of chapter 507C governing insurance policies. Insurance contracts are a very special type of contract, charged with a public interest. The Iowa Legislature clearly intended that the Iowa Insurance Commissioner should closely regulate and supervise insurance companies and handle liquidation proceedings in accordance with chapter 507C. *See generally* Craig and Mauer, Chapter 507C—The Supervision, Rehabilitation and Liquidation of Insurance Companies in Iowa, 36 Drake L.Rev. 317 (1986). It is consistent with federal policy that regulation of insurance be left to the states. *Aims Enterprises, Inc. v. Muir*, 609 F.Supp. 257, 262–63 (M.D. Pa.1985).

Moreover, the evidentiary record here did not support submission of an instruction to the jury on failure of consideration. Carriers provided defendant with substantial insurance coverage and the certificates of insurance necessary for its business operations, for the entire time the policies of insurance were in force—April 1, 1985 through January 7, 1986. Applying Iowa Code section 537A.2 to this record, defendant failed to present sufficient evidence to generate a jury question on its defense of failure of consideration.

■ The counterclaim and set-off issues are controlled by Iowa Code section 507C.30(2). That statutory provision is an important and integral part of the rational procedure the Iowa law provides for liquidation of Iowa insurance companies. The Iowa Legislature apparently concluded that the Iowa Insurance Commissioner as liquidator could only make an equitable apportionment of the insolvent insurer's remaining assets if the liquidator first was entitled to collect all unpaid premiums, a critical portion of the insurer's assets, without allowing ordinary contract defenses. Only then would the liquidator make an equitable distribution of those assets to claimants, including those claimants who first would be required to pay overdue premiums in full. This court concludes that its jury instructions properly applied Iowa Code chapter 507C to the facts in this case, barring the asserted counterclaim and set-off defense based on the allegation that Carriers had not performed the obligations under its insurance policy.

## II. *Constitutionality of Section 507C.30(2).*

■ Defendant had a heavy burden to overcome the presumption that Iowa Code chapter 507C, and section 507C.30(2) in particular, do pass constitutional muster. *See City of Waterloo v. Selden*, 251 N.W.2d 506, 508 (Iowa 1977). Defendant's presentation of evidence and legal theory did not satisfy that heavy burden.

State legislatures, including the Iowa Legislature, have a substantial concern that the process of liquidating an insurance company be carried out in an orderly and efficient manner. *See Metropolitan Life Ins. Co. v. Board of Directors of Wisconsin Ins. Sec. Fund*, 572 F.Supp. 460, 473 (W.D.Wis.1983). Our equal protection analysis depends on the determination whether there was a rational basis for this statutory procedure. Strict scrutiny is not required. The Iowa Legislature had a sound, rational basis for the statutory procedures governing liquidation of Carriers. Due process is also satisfied; defendant may present to the Iowa Insurance Commissioner as liquidator, in the ongoing liquidation proceedings, its complaints and claims for damages arising from the alleged inadequate handling of claims and failure to pay claims that had been presented to Carriers.

The court concludes the jury instructions were correct, Iowa Code chapter 507C meets constitutional muster, and defendant received a fair trial. The defendant's motion for new trial is denied.

IT IS SO ORDERED.