William D. HAGER, Commissioner of Insurance of the State of Iowa, as Liquidator of Carriers Insurance Company, Appellee,

v.

DAVIS TRANSPORT, INC., Appellant.

No. 89–2268.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1990.

Decided April 27, 1990.

Nick Critelli, Des Moines, Iowa, for appellant.

Philip Ostien, Des Moines, Iowa, for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and BOGUE,* Senior District Judge.

WOLLMAN, Circuit Judge.

Davis Transport Co. (Davis) appeals from the district court's [1] judgment permitting

---

* The HONORABLE ANDREW W. BOGUE, United States Senior District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

William D. Hager, the Iowa Commissioner of Insurance and acting insurance liquidator of Carriers Insurance, Inc. (Carriers), to collect insurance premiums that Davis did not pay Carriers. 715 F.Supp. 939. We affirm.

I.

Davis is an irregular route long-haul trucking company headquartered in Montana. State laws require that Davis insure all trucks and cargo involved in its operations and file proof of coverage in the states where it does business. Davis purchased the required coverage from Carriers under two policies, the terms of which permitted Davis to cancel at any time by giving notice to Carriers.

In September 1985, two customers— Trus–Joist and Northern Pacific Lumber (NorPac)—sustained damage to cargo carried by Davis. Both customers submitted claims to Davis, which in turn submitted the claims to Carriers. Carriers informed Davis that both claims had been paid and billed Davis for the deductible. Trus–Joist and NorPac insisted, however, that they had not received payment. Davis paid NorPac's claim with its own funds. The Montana guaranty fund, which pays loss claims covered by insurance policies when insurers become insolvent, later reimbursed Davis. Trus–Joint's claim was paid sometime in 1986 by the guaranty fund.

In November 1985, Davis discontinued paying premiums on its Carriers policies. It did not, however, notify Carriers that it was discontinuing premium payments, nor did Carriers contact Davis about the unpaid premiums. Davis continued to submit new claims to Carriers during November and December of 1985. These claims were also eventually paid by guaranty funds.

Meanwhile, Carriers became insolvent, and liquidation proceedings began pursuant to Iowa's Insurers Supervision, Rehabilitation and Liquidation Act (Insurers Act). Iowa Code §§ 507C.1—507C.59. In December 1985, Hager, as liquidator, gave notice to Davis that he was terminating Davis' coverage effective January 7, 1986. Davis

then obtained other insurance coverage, which became effective on January 4, 1986.

In March 1987, Hager filed a petition in the Iowa state courts to recover the unpaid premiums from Davis. Davis removed the suit to federal court on the basis of diversity of citizenship. At trial, Davis sought to assert material breach of contract as an affirmative defense. Davis claimed that as a result of Carriers' failure to pay claims it lost customer business, suffering $1,320,-149 in lost revenues. The district court refused to admit this evidence or instruct the jury on material breach of contract or on set-off. Instead, the court instructed the jury that: "[a]ny failure by Carriers Insurance Company to pay claims is not a defense to Plaintiff's claim in this case for premiums owed to Carriers Insurance Company by Defendant Davis Transport, Inc." The jury returned a verdict in favor of Hager for $132,758.03 in premiums due.

II.

■ On appeal, Davis contends that the district court erred in refusing to submit to the jury its affirmative defense theories. Davis first challenges the district court's determination that as a matter of law Carriers' failure to pay claims was not a material failure of performance which discharged Davis from its obligations to pay premiums. We agree with the district court, however, that the evidentiary record did not support the submission of an instruction on failure of consideration. As the district court pointed out, Carriers provided Davis with substantial insurance coverage and the certificates of insurance necessary for Davis to meet state insurance requirements throughout the entire time the policies were in force. Moreover, Davis continued to submit new claims to Carriers during this time.

■ Davis also contends that the district court should have submitted to the jury the issue of Davis' right to offset its damages against the unpaid premiums due Carriers. The district court refused to do so on the basis of Iowa statutes.

Section 507C.33(1)(b) of the Insurers Act provides:

An insured is obligated to pay an unpaid earned premium due the insurer as shown on the records of the insurer at the time of the declaration of insolvency. Section 507C.30(2) provides:

A setoff or counterclaim shall not be allowed in favor of a person where any of the following are found:

\* \* \* \* \* \*

(d) The obligation of the person is to pay premiums whether earned or unearned to the insurer.

These provisions are part of the Insurers Act scheme to collect premiums and other assets to pay claims in the order of priority. Insured parties who owe premiums are thus not allowed to offset their claims directly against the premium they owe, but must stand in line with other claimants according to the priority of their claim.

Davis challenges the constitutionality of section 507C.30(2)(d), asserting that it violates equal protection because the statute creates a disparity, without a rational basis, between claims that could have been asserted against Carriers and those which can be asserted against the liquidator. Davis also contends that section 507C.30(2)(d) denies it the opportunity to pursue damages against Carriers, thus taking a property interest without due process.

Neither of these assertions has merit. The no set-off rule of section 507C.30(2)(d) has a rational basis: it prevents policyholders who failed to pay premiums from having an unfair preference in their claims against a liquidating insurance company over those with similar claims who did pay premiums. *See Ainsworth v. Cincotta*, 79 Or.App. 574, 721 P.2d 455, 461, *review denied*, 302 Or. 158, 727 P.2d 129 (1986). Thus, the no set-off provision promotes one of the stated purposes of the Act: "the protection of the interests of insured [sic], claimants, creditors, and the public \* \* \* by [e]quitable apportionment of any unavoidable loss." Iowa Code § 507C.1(4)(d).

By denying a right to set-off, the Insurers Act does not leave a claimant without an alternative method of seeking a remedy. Davis may pursue its claim for damages under section 507C.35, which governs the filing of claims in the liquidation proceeding. To the extent Davis is successful in pursuing its claim, it will share in any distributions made to creditors with claims having the same priority as its own. Davis has no right in the specific remedy of setoff, because no one has "property, in the constitutional sense, in any particular form of remedy." *Gibbes v. Zimmerman*, 290 U.S. 326, 332, 54 S.Ct. 140, 142, 78 L.Ed. 342 (1933).

We conclude that the district court did not err in refusing to submit Davis Transport's affirmative defenses to the jury.

The judgment of the district court is affirmed.