Mary BLESZ, Appellee,

v.

Wade WEISBROD, Wayne Weisbrod,
and Rob Bathen, Defendants.

Wade WEISBROD and Wayne
Weisbrod, Appellees,

v.

Rob BATHEN, Appellant,

Denise Casbon, Intervenor-Appellee.

No. 87–920.

Supreme Court of Iowa.

June 15, 1988.

Michael A. McEnroe of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for appellees Wade Weisbrod and Wayne Weisbrod.

Ronald L. Ricklefs and Michael E. Sheehy, Cedar Rapids, for appellee Mary Blesz.

Mark Mossman of Mossman & Mossman, Vinton, for appellee-intervenor Denise Casbon.

Wendell A. Holmes of Beecher, Beecher, Holmes & Rathert, Waterloo, for appellant.

LARSON, Justice.

The issue in this case is quite straightforward: What is the scope of the legislature's amendment to our liquor control statute, Iowa Code § 123.49(1) (1987), which eliminated the social host liability recognized by this court in *Clark v. Mincks*, 364 N.W.2d 226 (Iowa 1985) (liability for furnishing liquor to intoxicated social guest)? Language in the amendment declares that consumption of alcohol, not the furnishing of it, is the proximate cause of damages. Does this, in effect, abrogate proximate cause in all liquor-furnishing cases, even those not involving social host liability under section 123.49(1)? The district court apparently concluded that it did not, and in this interlocutory appeal, we agree.

The following facts were presented to the district court: Rob Bathen, nineteen years old, was approached by a high school friend, Chad Allen, who was sixteen. Allen asked Bathen to purchase a twelve-pack of beer and two four-pack wine coolers. Bathen agreed to do so and entered a convenience store with money given to him by Allen. He purchased the beer and wine coolers then carried them out of the store and handed them to Allen. At the time, Allen was sitting in the rear seat of a vehicle owned by Wayne Weisbrod. Bath-

en knew that Wade Weisbrod, who was sitting behind the wheel of the car, was a minor. Several hours later, the Weisbrod vehicle went out of control while traveling at a high rate of speed, resulting in injuries to Mary Blesz and Denise Casbon.

Mary Blesz sued Wade Weisbrod as operator, and Wayne Weisbrod, as owner of the vehicle. Weisbrods then filed a third-party petition against Bathen, asking for contribution on the ground that Bathen purchased alcoholic beverages at the request of persons known by Bathen to be minors. Mary Blesz then amended her petition naming Bathen as an additional defendant based on the same grounds.

Bathen answered, then filed a motion for summary judgment on the ground that any civil claim against him for furnishing alcohol to a minor was barred by a 1986 amendment to Iowa Code section 123.49 (1985). The court overruled Bathen's motion, and this interlocutory appeal followed.

Liability in the present case is based on Bathen's furnishing of alcohol to minors, in violation of Iowa Code section 123.47. That section provides:

No person shall sell, give, or otherwise supply alcoholic liquor or beer to any person knowing or having reasonable cause to believe that person to be under legal age, and no person or persons under legal age shall individually or jointly have alcoholic liquor or beer in their possession or control. . . .

Under *Lewis v. State*, 256 N.W.2d 181, 191–92 (Iowa 1977), and *Haafke v. Mitchell*, 347 N.W.2d 381, 388, 390–91 (Iowa 1984) (Justice Uhlenhopp concurring thus giving majority vote to this holding), furnishing of alcohol to a minor by a nonlicensee is actionable, thus departing from a long line of prior cases which had held as a matter of law that the proximate cause of damage by an intoxicated person was the consumption of the alcohol, not the furnishing of it. *See, e.g., Cowman v. Hansen*, 250 Iowa 358, 369–70, 92 N.W.2d 682, 688 (1958).

While this court has recently rejected common-law liability of *licensees* for furnishing alcoholic beverages to minors, *e.g.,*

*Fuhrman v. Total Petroleum, Inc.*, 398 N.W.2d 807 (Iowa 1987); *Connolly v. Conlan*, 371 N.W.2d 832 (Iowa 1985), those cases must be distinguished. Unlike the present case, *Fuhrman* and *Connolly* confronted the obstacle of legislative preemption; since the defendants in those cases were licensees, it was held that the legislature provided the sole basis for a tort action against them in the form of our dramshop statute. *Fuhrman*, 398 N.W.2d at 809; *Connolly*, 371 N.W.2d at 833.

Even after *Fuhrman* and *Connolly*, therefore, the liability of nonlicensees for sale to minors, recognized in *Lewis* and *Haafke*, remained intact. In the present case, however, Bathen relies on the amendment to Iowa Code section 123.49 to support his argument that, as a matter of law, the proximate cause of such damages is the consumption of the alcohol, not the furnishing of it. Section 123.49, now provides:

*Miscellaneous prohibitions.*

1. A person shall not sell, dispense, or give to an intoxicated person, or one simulating intoxication, any alcoholic liquor, wine, or beer.

a. A person other than a person required to hold a license or permit under this chapter who dispenses or gives an alcoholic beverage, wine, or beer in violation of *this subsection* is not civilly liable to an injured person or the estate of a person for injuries inflicted on that person as a result of intoxication by the consumer of the alcoholic beverage, wine, or beer.

b. The general assembly declares that *this subsection* shall be interpreted so that the holding of Clark v. Mincks, 364 N.W.2d 226 (Iowa 1985) is abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages, wine, or beer rather than the serving of alcoholic beverages, wine, or beer as the proximate cause of injury inflicted upon another by an intoxicated person.

(Emphasis added.)

Subparagraphs (a) and (b) were added in 1986 in response to *Clark v. Mincks*, 364 N.W.2d 226, 231 (Iowa 1985), which held

that a social host could be liable for common-law negligence arising from the furnishing of alcohol to an intoxicated person. *See* 1986 Iowa Acts ch. 1211, § 11.

The amendment to section 123.49 regarding proximate cause cannot be read so broadly that it will preclude common-law suits in all cases. The statute is limited by its own terms to suits under "this subsection." "This subsection" deals only with the furnishing of alcoholic beverages to intoxicated persons; it does not refer to other bases of liability such as furnishing to a minor. Moreover, the amendment in question addressed itself only to *Clark v. Mincks* and the problem of furnishing alcohol to intoxicated persons. It does not refer to those cases, such as *Lewis,* which hold that furnishing of alcohol to a minor could be a proximate cause of the damages.

We believe the legislature, if it had intended to take such a drastic step as to effectively emasculate tort liability for the furnishing of alcohol as a matter of law, would have specifically said so. If it had intended to give the amendment as broad a reach as Bathen argues for here, it would effectively preclude *any* liability for furnishing alcohol, even by a licensee who is sought to be held liable under our dramshop statutes. We cannot ascribe such broad intent on the part of the legislature. We agree that proximate cause has not been abrogated as a matter of law in this case and therefore agree that the summary judgment should be denied. Accordingly, we affirm.

AFFIRMED.

All Justices concur except McGIVERIN, C.J., and HARRIS and CARTER, JJ., who dissent.