Todd **BAUER,** Richard L. Bauer, and Janet Bauer, Appellants,

v.

Scott **DANN;** Thomas Dann d/b/a Tom's Painting Service; Brad Cole and Carol Cole, Appellees.

No. 87–1069.

Supreme Court of Iowa.

Aug. 17, 1988.

As Corrected Aug. 19, 1988.

Gaylen V. Hassman of Engelbrecht, Ackerman & Hassman, Waverly, for appellants.

Gene Yagla of Lindeman & Yagla, Waterloo, for appellees.

LARSON, Justice.

Todd Bauer and Scott Dann attended a New Year's Eve party given by the defendants, Brad Cole and Carol Cole. Bauer and Dann left the party in a car driven by Dann, who was allegedly intoxicated. Dann lost control of the car, and Bauer suffered serious injuries from the resulting collision. Todd Bauer and his parents sued Coles (and other parties not included in this appeal). Bauers claimed that Coles had furnished beer to Dann, a person under legal age, in violation of Iowa Code section 123.47 (1981), and that this act was a proximate cause of Todd Bauer's injuries. Their claim was based solely on common law; no cause of action under our dramshop statute, Iowa Code § 123.92 (1981), was asserted.[1]

Coles moved for summary judgment on the ground there is no statutory or common-law basis for liability of a social host for a violation of Iowa Code section 123.47 (supplying liquor or beer to a person under legal age). Specifically, Coles asserted that (1) as a matter of law, consumption of alcohol, not the furnishing of it, is the proximate cause of such damages; and (2) a common-law claim for such damages is preempted by the Iowa dramshop statute, Iowa Code § 123.92.

The district court sustained Coles' motion for summary judgment, and we granted permission for an interlocutory appeal under Iowa Rule of Appellate Procedure 2. We now reverse and remand.

I. *The Proximate Cause Issue.*

In *Lewis v. State,* 256 N.W.2d 181, 191–92 (Iowa 1977), this court rejected the longstanding rule of our prior cases that furnishing of alcohol could not be the proximate cause of damages by an intoxicated person. *Lewis,* like the present case, was a common-law claim for damages caused by the illegal supplying of alcohol to a minor. We held that the statute prohibiting supplying of alcohol to a minor set "a mini-

---

1. Dismissal of Bauers' similar suit against Wayne Leisinger and Lois Leisinger, who also were alleged to have contributed to Dann's intoxication, was affirmed by this court on an equally divided vote, Iowa Code § 602.4107 (1985). *See Bauer v. Dann,* 379 N.W.2d 381 (Iowa 1985).

mum standard of care for conduct generally required of the reasonably prudent man under like circumstances for purposes of a common law action of negligence based on the sale or furnishing of intoxicating liquor." *Id.* at 189.

We also held, regarding proximate cause, that

the sale or furnishing of intoxicating liquor in violation of section 123.43 [now section 123.47] may well be the proximate cause of injuries sustained as a result of an intoxicated individual's tortious conduct and liability may thus be imposed upon the violators in favor of the injured, innocent third party. The question of proximate cause under such facts and circumstances would be for the trier of fact.

*Id.* at 191–92.

The rule of *Lewis*, that the furnishing of alcohol may be a proximate cause of damages, now seems to be well established. *See, e.g., Haafke v. Mitchell*, 347 N.W.2d 381, 384–87, 391 (Iowa 1984). Even those cases which have held against liability have done so on grounds other than proximate cause. *See, e.g., Fuhrman v. Total Petroleum, Inc.*, 398 N.W.2d 807, 809–10 (Iowa 1987) (reaffirmed earlier *Connolly* case; dramshop statute exclusive remedy against licensee or permittee); *Connolly v. Conlan*, 371 N.W.2d 832, 833 (Iowa 1985) (as to licensees and permittees, dramshop statute provides exclusive remedy); *DeMore v. Dieters*, 334 N.W.2d 734, 738 (Iowa 1983) (facts did not show "supplying" to minor); *Snyder v. Davenport*, 323 N.W.2d 225, 226–27 (Iowa 1982) (dramshop statute exclusive remedy against licensee who provided alcohol to intoxicated person).

There has been a recent development, however, which Coles contend changes the rules on proximate cause: A 1986 amendment to Iowa Code section 123.49(1), which provided:

The general assembly declares that this subsection shall be interpreted so that the holding of *Clark v. Mincks*, 364 N.W. 2d 226 ([Iowa] 1985) [establishing social host liability for furnishing to intoxicated person] is abrogated in favor of prior judicial interpretation finding the con-

sumption of alcoholic beverages, wine, or beer rather than the serving of alcoholic beverages, wine, or beer as the proximate cause of injury inflicted upon another by an intoxicated person.

Iowa Code § 123.49(1)(b) (1987).

■ This amendment, however, is inapplicable for two reasons. First, as we recently held in *Blesz v. Weisbrod*, 424 N.W. 2d 451, 451 (Iowa 1988), the amendment is to section 123.49(1), which prohibits furnishing alcohol to intoxicated persons. It does not address liability for furnishing alcohol to a minor. Also, the amendment is inapplicable by its own terms, because it is made effective to cases filed on or after July 1, 1986. 1986 Iowa Acts ch. 1211, § 47. The petition in this case was filed on December 30, 1982. Despite Coles' arguments for retroactive application, it is clear that this was not the intention of the legislature.

■ We hold that the issue of proximate cause in this case is a question for the trier of fact.

## II. *The Preemption Issue.*

The second ground of Coles' motion for summary judgment asserted that the legislature preempted the entire field of alcohol-furnishing liability by enacting the dramshop statute, Iowa Code § 123.92. A similar, although not identical, claim was made in *Haafke v. Mitchell*, 347 N.W.2d at 385: that if *someone* involved in the illegal furnishing of alcohol, such as a licensee, is subject to liability under the dramshop statute, then no common-law claims may be maintained against anyone else involved, such as an employee. We rejected this argument. 347 N.W.2d at 385–86.

■ While a broader view of preemption has been suggested by some of the language of our opinions, the fact is that the key to a successful preemption argument has been whether the particular defendant is one covered by the dramshop statute, *i.e.*, whether the defendant is a licensee or permittee. *See Fuhrman*, 398 N.W.2d at 809–10; *Connolly*, 371 N.W.2d at 833; *Haafke*, 347 N.W.2d at 385–86; *Snyder*, 323 N.W.2d at 226–27.

As we noted in *Haafke,*

[w]e have never held that the statute preempts the entire field of liability or that it shields parties as to whom there is no statutory remedy. The implication of *Lewis* is clearly the contrary. In that case, although a dram shop cause of action did exist, this court found a parallel cause of action at common law.

The defendants do not cite any authority directly supporting this view of preemption nor have we found any. This is perhaps explained by the fact that the Iowa dram shop statute is considerably narrower than most, leaving a larger "no-man's land" in which recovery, if any is to be permitted, will depend upon traditional tort principles. For example, Iowa's act applies only when a specific criminal statute, sales to intoxicated persons, is violated, in contrast to most acts which do not even require that the sale be illegal. And our act applies only to "any licensee or permittee" in contrast to most acts which apply to "any person" or its equivalent.

347 N.W.2d at 385–86.

We reaffirm the view that the dramshop statute, Iowa Code § 123.92, does not preempt common-law claims against persons, such as the Coles, who are not expressly covered by it.

■ Although it was not raised in Coles' motion for summary judgment, they now suggest that they cannot be held liable because they were social hosts to Bauer and Dann. No authority cited by Coles directly supports that view, although they allude to Iowa Code section 123.49(1)(b). As previously discussed, that amendment is inapplicable here because it abrogated social-host immunity only in those cases arising out of furnishing alcohol to an intoxicated guest, not those based on supplying alcohol to a minor.

There is nothing in the language of section 123.47 to suggest that a different rule should apply to supplying alcohol to a minor in one's home, as opposed to any furnishing in a noncommercial setting outside the home. Section 123.47 simply provides that no person shall "sell, give, *or other-*

*wise supply*" liquor or beer to a person under legal age. It clearly applies to "social" hosts as well as all other persons.

The prohibitions of Iowa Code section 123.47, concerning alcohol and minors, strongly promote the policy of our beer and liquor control act, which is to provide for "the protection of the welfare, health, peace, morals, and safety of the people of the state." Iowa Code § 123.1. Similarly, recognition of a common-law cause of action, as we have here, will have the therapeutic effect of discouraging violations of that statute. This view, we believe, is consistent with the legislative direction that the provisions of the act "shall be liberally construed for the accomplishment of [its] purpose." *Id.; see Lewis v. State,* 256 N.W.2d at 189.

Immunization from the civil consequences of furnishing alcohol to a minor, on the other hand, would frustrate the purposes of the act and, we believe, would be based on questionable public policy. If this step is to be taken, it will not be taken by this court in the context of the common law.

We conclude that the district court erred in granting summary judgment for the defendants. We therefore reverse and remand for further proceedings.

REVERSED AND REMANDED.

All Justices concur except HARRIS, J., and McGIVERIN, C.J., who dissent, and CARTER, J., who takes no part.

HARRIS, Justice (dissenting).

This is another in what has grown to be a list of tort suits arising from the furnishing of alcohol to persons who were or became intoxicated. Our court has been sharply divided on the question, especially on the issue of whether the legislature has preempted the field.

It seems that the question cannot be put to rest. We have made judicial pronouncements that the field is preempted by legislation. *See Fuhrman v. Total Petroleum, Inc.,* 398 N.W.2d 807, 808–09 (Iowa 1987). There has been at least one legislative pronouncement to the same effect. 1986 Iowa Acts ch. 1211, § 11. As soon as the ink is dry on a pronouncement of pre-emption

another appealing set of facts arises, coupled with a request that we fashion a new common-law theory of recovery to be appended to the limited but absolute liability the legislature designed. *See* Iowa Code ch. 123 (1987).

As asserted in trial court the plaintiffs' claims were limited to theories under Iowa Code ch. 123. Defendants are social hosts. Except for our holding in *Clark v. Mincks*, 364 N.W.2d 226 (Iowa 1985), we have never attached liability under chapter 123 to persons who were not commercially involved in the sale or furnishing of alcohol. The legislature repudiated *Clark v. Mincks* by name. 1986 Iowa Acts ch. 1211, § 11.

Notwithstanding any prior judicial or legislative pronouncements the majority seems prompted to expand on the metes and bounds of liability which were fixed by the legislature. We should resist the temptation. The legislature will surely have the last word; it is entitled, so long as it acts within the framework of the Constitution, to set limits of tort liability.

I would affirm.