Mark SAGE, Steve Sage and Phyllis
Sage, Appellants,

v.

Curtis JOHNSON and Madonna Johnson
d/b/a Madonna Inn, W.R. Dunkle, Joe
Katz, Robert C. Kenny, A.E. Vidis, and
National Bank of Waterloo as Trustee
for Robert E. Vidis, Holiday Corpora-
tion, Holiday Inns, Inc., Burton Lip-
man, Carl A. Nelson & Company, Bish-
opoolcorp., Bishop Swimming Pools,
Inc., Matthew and Mae Lumetta, Appel-
lees.

No. 88–600.

Supreme Court of Iowa.

March 22, 1989.

Edward J. Gallagher, Jr., and E.J. Galla-
gher III of Gallagher, Langlas & Galla-
gher, P.C., Waterloo, and James E. Walsh,
Jr. of Clark, Butler, Walsh & McGivern,
Waterloo, for appellants.

John W. Holmes of Beecher, Beecher,
Holmes & Rathert, H. Daniel Holm, Jr. of
Ball, Kirk, Holm & Nardini, P.C., James R.
Hellman of Mosier, Thomas, Beatty, Dut-
ton, Braun & Staack, Waterloo, Donald H.
Gloe of Miller, Pearson, Gloe, Burns, Beat-
ty & Cowie, Decorah, Patrick M. Roby of
Shuttleworth & Ingersoll, Cedar Rapids,
Carl Arthur Henlein of Brown, Todd &
Heyburn, Louisville, Ky., and H. Richard
Smith of Ahlers, Cooney, Dorweiler, Hay-
nie, Smith & Allbee, Des Moines, for appel-
lees.

Considered by HARRIS, P.J., and
LARSON, SCHULTZ, CARTER, and
SNELL, JJ.

LARSON, Justice.

Mark Sage was seriously injured in a
diving accident which he claims was the
result of his own intoxication. Mark and
his parents sued several parties, including
Matthew and Mae Lumetta, hosts of a par-
ty attended by Mark on the night of the
accident. The suit against the Lumettas
was based on their furnishing beer to Mark
Sage who was then under the legal age of
twenty-one. *See Bauer v. Dann*, 428 N.W.
2d 658, 661 (Iowa 1988). The district court
dismissed the suit against Lumettas on the
ground that social host liability had been
abrogated by an amendment to Iowa Code
section 123.49 (1987). We reverse and re-
mand.

At the time the district court dismissed
the social host claim in this case, *Blesz v.
Weisbrod*, 424 N.W.2d 451 (Iowa 1988), had
not been decided by this court. *Bauer* and
*Blesz* held that the amendment to section
123.49, relied on by the district court, was
inapplicable to suits based on furnishing
alcohol to an underage consumer. *See
Bauer*, 428 N.W.2d at 660; *Blesz*, 424
N.W.2d at 453.

*Blesz* and *Bauer* thus dispose of the
issue relied on by the district court, but
they do not resolve the remaining issue:
whether an underage drinker, a "minor"
for our purposes, may sue a social host in a
common-law action for injuries arising out
of his own intoxication. This is a question
which has not been addressed by this court
in the context of a common-law suit, al-

though we have considered it in actions under our dramshop statutes.

The defense of complicity has been recognized in dramshop actions under the theory that the dramshop statutes were enacted only for "innocent" victims of alcohol-related incidents. *See, e.g., Slager v. HWA Corp.*, 435 N.W.2d 349, 351 (Iowa 1989); *Gremmel v. Junnie's Lounge, Ltd.*, 397 N.W.2d 717, 720 (Iowa 1986); *Martin v. Heddinger*, 373 N.W.2d 486, 488 (Iowa 1985); *Berge v. Harris*, 170 N.W.2d 621, 625–26 (1969) ("The two reasons for the [complicity] rule expressed in the cases are that one cannot profit from his own wrong and a person who participates in the drinking activities is not an innocent person entitled to protection under the dramshop act.").

The present case is not based on the dramshop statute but on the common-law theory that a cause of action arises out of the violation of a criminal statute. *See Blesz*, 424 N.W.2d at 452; *Lewis v. State*, 256 N.W.2d 181, 191–92 (Iowa 1972). We have not recognized complicity as a defense in a common-law action. This is not to say, however, that a plaintiff in a common-law action may always recover regardless of his own fault. Any fault on the part of the plaintiff will reduce, or eliminate, his recovery under comparative fault principles because, while *Slager* held that damages under the dramshop statute were not subject to comparative fault adjustment, this action is not under the dramshop statute.

The definition of "fault" under our comparative fault statute is broad enough to cover the acts of an intoxicated plaintiff in a common-law suit. This statute provides:

As used in this chapter, "fault" means one or more acts or omissions that are in any measure negligent or reckless toward the person or property of the actor or others, or that subject a person to strict tort liability. The term also includes breach of warranty, unreasonable assumption of risk not constituting an enforceable express consent, misuse of a product for which the defendant otherwise would be liable, and unreasonable

failure to avoid an injury or to mitigate damages.

Iowa Code § 668.1 (1987).

The emerging trend in the states recognizing a common-law action against social hosts is clearly in Sage's favor. Apparently only one jurisdiction, Georgia, has held that no direct action by the intoxicated minor can be had against the social host. In *Sutter v. Hutchings*, 254 Ga. 194, 327 S.E.2d 716 (1985), the Georgia Supreme Court held that a person providing alcohol to a noticeably intoxicated seventeen-year-old automobile driver was not liable to that minor. Apparently basing its holding on a sort of "last clear chance" reasoning, the court stated that

[a]s between provider and consumer, the consumer has the last opportunity to avoid the effect of the alcohol, by not drinking or not driving, and thus as between the two, the negligence of the consumer is the greater. Hence, notwithstanding the fact that the provider as well as the consumer should foresee the possibility of injury to the consumer, the consumer cannot recover for his injuries from the provider.

*Sutter*, 254 Ga. at 198 n. 7, 327 S.E.2d at 719–20 n. 7.

On the other hand, New Jersey, Pennsylvania, Connecticut, and Michigan all have recognized a direct action by an intoxicated minor against a social host for the minor's injuries. *See Macleary v. Hines*, 817 F.2d 1081 (3d Cir.1987) (applying Pennsylvania law); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150 (3d Cir.1986) (applying Pennsylvania law); *Ely v. Murphy*, 207 Conn. 88, 540 A.2d 54 (1988); *Longstreth v. Gensel*, 423 Mich. 675, 377 N.W.2d 804 (1985); *Batten v. Bobo*, 218 N.J.Super. 589, 528 A.2d 572 (1986); *Kelly v. Gwinnell*, 96 N.J. 538, 476 A.2d 1219 (1984); *Rappaport v. Nichols*, 31 N.J. 188, 156 A.2d 1 (1959); *Orner v. Mallick*, 515 Pa. 132, 527 A.2d 521 (1987); *Cognini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983).

Recently, the Michigan Supreme Court in *Longstreth*, 377 N.W.2d at 812–13, found, as we did in *Blesz*, that a social host can be found liable for serving alcohol to minors

under their law forbidding sale of alcohol to minors. The court went one step further in holding that liability could be found in a direct action by an intoxicated minor. In arriving at its conclusion, the court first cited to 2 Restatement (Second) of Torts section 286 (1965) to find liability based on a violation of their statute forbidding the furnishing of liquor to minors. The Restatement provides:

> The court may adopt as the standard conduct of a reasonable [person] the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
>
> (a) to protect a class of persons which includes the one whose interest is invaded, and
>
> (b) to protect the particular interest which is invaded, and
>
> (c) to protect that interest against the kind of harm which has resulted, and
>
> (d) to protect that interest against the particular hazard from which the harm results.

In applying the Restatement to its statute, the court stated that

> [w]e find that the alleged violation of [the furnishing-liquor-to-minors act] was sufficient to preclude summary judgment. [That section] was meant to protect a class of persons, *i.e.*, those under the legal drinking age, and this plaintiff falls within that class. The statute protects a particular interest, *i.e.*, freedom from injury caused by the use of alcohol by persons under twenty-one years of age.... [That section] was meant to protect against the kind of harm which resulted, *i.e.*, injury and death. Finally, the statute was meant to protect against a particular hazard, *i.e.*, the dangerous effects of intoxication of those under twenty-one years of age. Therefore, we hold that the plaintiffs can maintain a cause of action based on violation of [that section].

*Longstreth*, 377 N.W.2d at 812–13. An intoxicated minor could therefore maintain a direct action because "he clearly falls within the class of persons which the statute intends to protect." *Id.* at 814. We

have noted similar policy reasons in our own statute which foster special interest in the protection of minors. *See Bauer*, 428 N.W.2d at 661.

Michigan, like Iowa, has adopted comparative fault. The *Longstreth* court found a comparative fault analysis not only consistent with its holding, but supportive of it. The court stated that

> we believe that application of comparative negligence principles may lessen any perceived hardships of this rule. Defendants asserted, as an affirmative defense, that [the intoxicated minor plaintiff] was negligent by failing to use proper care for his own safety when he drove after drinking at the wedding reception....
>
> ....
>
> Thus, although we recognize that an eighteen year old minor may state a cause of action against an adult social host who has knowingly served him intoxicants, the social host in turn may assert as a defense the minor's 'contributory' negligence. Thereafter, under our Comparative Negligence Act it will remain for the fact finder to resolve whether the defendant's negligence was such as to allow recovery.

*Id.* (citation omitted) (quoting *Cognini*, 504 Pa. at 163, 470 A.2d at 518).

We agree with the reasoning of the Michigan court in *Longstreth*. A minor consumer of alcoholic beverages should not automatically be precluded from recovering damages resulting from the effects of the alcohol. Such consumers, particularly those who are very young or immature, cannot be said to have been so negligent or to have assumed so much of the risk involved that, as a matter of law, they should be denied recovery. The extent and effect of such a plaintiff's culpability should be a question of fact just as it is in every other negligence case.

Accordingly, we hold that a minor injured as the result of consuming alcoholic beverages furnished in violation of Iowa Code section 123.47 is not necessarily precluded from pursuing a claim against the

person furnishing the alcohol, but that such a claim is subject to the comparative fault provisions of chapter 668.

We reverse and remand for reinstatement of the plaintiff's action.

REVERSED AND REMANDED.