**Daniel NUTTING, Appellant,**

v.

**Keith ZIESER, Appellee.**

**No. 91–51.**

Supreme Court of Iowa.

March 18, 1992.

C.A. Frerichs and Thomas P. Frerichs of Fulton, Frerichs, Martin & Andres, P.C., Waterloo, for appellant.

Gerry Rinden and Andrew M. Johnson of Wintroub, Rinden, Okun & Sens, Des Moines, for appellee.

CARTER, Justice.

Plaintiff, Daniel Nutting, appeals from an adverse judgment in an action seeking damages from defendant, Keith Zieser, a liquor licensee doing business as Zieser's Tap. The action stems from injuries sustained by plaintiff after consuming alcoholic beverages at defendant's place of business. At the time of such consumption, plaintiff, at age nineteen, was under the age at which he could legally be sold intoxicating beverages.

The district court granted defendant's motion for summary judgment on the authority of our decisions in *Fuhrman v. Total Petroleum, Inc.*, 398 N.W.2d 807 (Iowa 1987), and *Connolly v. Conlan*, 371 N.W.2d 832 (Iowa 1985). After considering the arguments presented, we affirm that order based on the authority of those decisions.

Although plaintiff recognizes that his claim is not allowable under the *Fuhrman* and *Connolly* decisions, he urges us to reconsider those holdings in light of our cases recognizing civil liability in situations where social hosts have dispensed intoxi-

cating beverages to minors. These social host cases are *Sage v. Johnson,* 437 N.W.2d 582 (Iowa 1989), *Bauer v. Dann,* 428 N.W.2d 658 (Iowa 1988), and *Blesz v. Weisbrod,* 424 N.W.2d 451 (Iowa 1988). All of those cases were decided after the *Fuhrman* and *Connolly* decisions involving liquor licensees.

Plaintiff urges that it is illogical to permit minors to recover damages from private citizens who have furnished them intoxicants for no reason other than camaraderie while denying recovery against commercial establishments who receive a financial gain from similar illegal activity. Unfortunately, from his point of view, the answer to plaintiff's dilemma does not lie in simple logic. The *Fuhrman* and *Connolly* cases were decided on the basis of a perceived legislative preemption of the field of liquor licensee liability. As a result of that recognition, inconsistencies may indeed exist between the liability of liquor licensees under the preemptive legislation contained in Iowa Code section 123.92 (1989) and the liability of social hosts, which is unaffected by that preemptive legislation.

The distinction between preempted and nonpreempted areas of civil liability was recognized in the first of our cases involving social host liability to minors. We stated in that case:

> While this court has recently rejected common-law liability of *licensees* for furnishing alcoholic beverages to minors, *e.g., Fuhrman v. Total Petroleum, Inc.,* 398 N.W.2d 807 (Iowa 1987); *Connolly v. Conlan,* 371 N.W.2d 832 (Iowa 1985), those cases must be distinguished. Unlike the present case, *Fuhrman* and *Connolly* confronted the obstacle of legislative preemption; since the defendants in those cases were licensees, it was held that the legislature provided the sole basis for a tort action against them in the form of our dramshop statute. *Fuhrman,* 398 N.W.2d at 809; *Connolly,* 371 N.W.2d at 833.
>
> Even after *Fuhrman* and *Connolly,* therefore, the liability of *nonlicensees* for sale to minors, recognized in *Lewis [v. State,* 256 N.W.2d 181, 191–92 (Iowa 1977)] and *Haafke [v. Mitchell,* 347 N.W.2d 381, 388, 390–91 (Iowa 1984)], remained intact.

*Blesz,* 424 N.W.2d at 452 (emphasis added).

As a final matter, we consider and reject plaintiff's contention that, because the recipients of alcoholic beverages from liquor licensees are not themselves granted a right of recovery under the dramshop legislation contained in section 123.92, claims by those persons are outside the scope of the statutory scheme and thus free of any preemption attributable thereto. The simple answer to this contention is that in acting to preempt the field of liquor licensee liability the legislature effectively determined those persons and situations for which recovery may not be permitted against a licensee as well as those persons and situations for which recovery is allowed.

The decision in *Lewis v. State,* 256 N.W.2d 181, 191–92 (Iowa 1977), is not in conflict with this view. The claims of the plaintiff in *Lewis* were governed by Iowa Code section 129.2 (1966). At that time, the civil liability provisions of chapter 129 were broader than those contained in section 123.92 of the present Code. It was provided in Iowa Code section 129.2 (1966) that injured parties "shall have a right of action in his or her own name against *any person* who shall, by selling or giving to another contrary to the provisions of this Title any intoxicating liquors, cause the intoxication of such person." In his original petition, the plaintiff in *Lewis* sought to recover against the state under this statute. The district court dismissed that claim on the theory that, notwithstanding the "any person" language, state liquor store sales were not subject to the civil liability provisions of Iowa Code section 129.2 (1966).

The district court's interpretation of the civil liability statute involved in *Lewis* was not appealed. The appeal in *Lewis* involved the state's liability, if any, under Iowa Code section 123.43 (1966), which was a criminal statute prohibiting the furnishing of intoxicating beverages to minors. In determining that issue, this court was saddled with the law of the case implications

of the district court's unappealed ruling that the dramshop statute did not apply to state liquor stores. In contrast, the civil liability provisions of Iowa Code section 123.92 (1989), from which the preemption doctrine established in *Fuhrman* and *Connolly* evolved, do apply to defendant's liability to plaintiff in the present case.

We have considered all arguments presented and conclude that the judgment of the district court was correct. That judgment is affirmed.

AFFIRMED.

All Justices concur except SCHULTZ, LARSON, LAVORATO, and SNELL, JJ., who dissent.

SCHULTZ, Justice (dissenting).

I believe that the reasons advanced in my dissents in *Fuhrman v. Total Petroleum, Inc.*, 398 N.W.2d 807, 810–15 (Iowa 1987), and *Connolly v. Conlan*, 371 N.W.2d 832, 833–36 (Iowa 1985), are still valid. I simply do not believe the legislature in enacting the Dram Shop Act intended to preempt other common-law action against licensees.

I would reverse.

LARSON, LAVORATO and SNELL, JJ., join this dissent.