Jimmie D. COUNTS and Sandra Counts, Husband and Wife, Appellants,

v.

HOSPITALITY EMPLOYEES, INC. d/b/a Heidelberg Lounge, An Iowa Corporation, Appellee.

No. 93–418.

Supreme Court of Iowa.

June 22, 1994.

---

Robert N. Johnson, III of Saunders, Humphrey, Johnson, Hoyer & Pothitakis, Fort Madison, for appellants.

Gerry M. Rinden and Andrew M. Johnson of Wintroub, Rinden & Sens, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

Can parents of an emancipated nineteen-year-old son recover, on a dramshop theory, for care they furnish on account of his injuries? In this appeal we affirm a trial court determination that they cannot.

Jimmie P. Counts, Jr. (Jim, Jr.), the nineteen-year-old son of plaintiffs Jimmie D. and Sandra Counts (the Counts), had been drinking and playing pool at a lounge in Mt. Pleasant. While driving home alone he apparently passed out, allowing his vehicle to leave the county road and shear off an electric pole. He was thrown from the car and suffered a spinal injury resulting in quadriplegia.

The Counts filed this petition under the Iowa dram shop Act against defendant Hospitality Employees, Inc. d/b/a Heidelberg Lounge, seeking damages resulting from the intoxication of their son. The claimed damages included expenses for remodeling their home to make it handicapped accessible, for the purchase of a van to transport Jim, Jr., and for assorted medical expenses. They also sought loss of consortium. Some of Jim, Jr.'s medical bills are covered by his insurance, and he receives disability payments through his former employer. He also receives social security benefits.

On the Lounge's motion the district court granted summary judgment against the Counts, concluding they suffered no cognizable injuries under Iowa's dram shop Act. The matter is before us on the Counts' appeal from that ruling.

Our review in this law action is for correction of errors. Iowa R.App.P. 4. In reviewing the grant of summary judgment under Iowa rule of civil procedure 237(c), the question is whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. *Suss v. Schammel*, 375 N.W.2d 252, 254 (Iowa 1985). The resisting party must set forth specific facts showing there is a genuine issue for trial. *Id.*

I. The Counts bring their suit pursuant to Iowa Code section 123.92 (1993) which provides civil liability against a dramshop operator who sells or serves intoxicants.[1] The challenged trial court ruling is grounded in the law of damages. The court determined as a matter of law that the Counts sustained no damages because it found they had no duty to support their nineteen-year-old son and therefore assumed all expenses voluntarily.

Sixteen months before any claimed medical expenses were incurred, Jim, Jr. reached his majority. He had been fully employed and living away from home before returning, for financial reasons, to his parents' home two months before the accident (in June 1991). He was not claimed as a dependent on the Counts' 1990 income tax return. It was under these circumstances that the trial court

---

1. The statute provides in part:
   Any person who is injured in person and property or means of support by an intoxicated person or resulting from the intoxication of a person, has a right of damages actually sustained ... against any licensee or permittee ... who sold or served any ... intoxicating liquor....
   Iowa Code § 123.92.

held the Counts had no legal duty to provide their son with the support that is the basis for the damages they claim.

■ Parents are jointly and severally liable for necessary expenses in caring for their minor children. Iowa Code § 597.14. We have therefore said the "expenses of caring for one who has been injured or become indigent as a result of his own or another's intoxication may be recovered as an injury to property, at least where the complainant was legally liable for such care." *Atkins v. Baxter*, 423 N.W.2d 6, 8 (Iowa 1988) (citing 6 A.L.R.2d 798, 800 (1949)). In *Atkins*, however, the child was seventeen. Here we are presented with an injured nineteen-year-old, no longer a minor.

■ It is generally presumed that parents are not legally bound to support their adult children. *Davis v. Davis*, 246 Iowa 262, 266, 67 N.W.2d 566, 568 (1954); *Wright County v. Hagan*, 210 Iowa 795, 798–99, 231 N.W. 298 (1930). This is the rule even where the expenses were for necessaries or were incurred while the adult child lived at home. *Blachley v. Laba*, 63 Iowa 22, 23, 18 N.W. 658, 659 (1884).[2]

The trial court was correct in holding the Counts had no legal obligation to support their adult injured son.

■ II. The Counts alternatively argue that a "minor," for purposes of the dram shop Act, is not subject to our general rule that minority terminates at age eighteen. The Counts point out that Iowa Code section 123.47A restricts the sale of liquor to those under the age of twenty-one. They then argue that a "minor" for purposes of the chapter, and actions relating to it, is an individual under the age of twenty-one. They think the action is thus allowable under Iowa rule of civil procedure 8, when it allows a parent to sue for damages arising out of the injury or death of a "minor" child.

In support of this contention, the Counts cite *Sage v. Johnson*, 437 N.W.2d 582 (Iowa 1989). *Sage* involved a "minor" who was injured as a result of his own intoxication. In *Sage*, we asked *"whether an underaged drinker, a 'minor' for our purposes,* may sue a social host in a common-law action for injuries arising out of his own intoxication." *Id.* at 582 (emphasis added). We did not provide the individual's age, but merely noted he "was under the legal age of twenty-one." *Id.* Jim, Jr. was also an underaged drinker and, as the Counts argue, a "minor for our purposes." If we were to accept this argument the Counts could proceed with their action for expenses and loss of consortium under rule 8.

*Sage* does not support the Counts' argument, though, because it did not involve an action under the dram shop Act or rule 8. It dealt solely with a minor person who claimed a common-law right of action against a social host who had served him liquor. *See id.* at 583. To the degree that the Counts have an action as parents for their injured child, it is constrained by rule 8 and our opinions interpreting it. These limits were not present in *Sage*, and it is distinguishable on that ground.

The Counts also note the principles underlying rule 8. We have said that rule 8 is remedial and should be construed in light of current social conditions. *Dunn v. Rose Way, Inc.*, 333 N.W.2d 830, 832 (Iowa 1983). In the past we have used this policy to expand a parent's recovery under rule 8 beyond lost monetary earnings and services to include less tangible damages, specifically loss of consortium. *Wardlow* v. *City of Keokuk*, 190 N.W.2d 439, 448 (Iowa 1971).

The Counts argue that the social considerations driving our *Wardlow* decision are of equal magnitude to those supporting their requested expansion of rule 8. In the limited context of dramshop actions, they request we take notice of the rampant underaged drinking problem in society today. To expand the meaning of "minor" in this limited context,

---

**2.** Not applicable here is an exception (which is in turn limited by statute—Iowa Code § 230.15) for disabled adult children. Where, unlike the present case, the infirmity arises prior to majority, the parents' obligation to support the child persists into the child's majority. *In re Marriage of Vrban*, 293 N.W.2d 198, 201 (Iowa 1980). The exception does not apply where the child reaches majority prior to the onset of the disability.

the Counts argue, addresses this social problem.

A second underlying principle is that a rule 8 action involves "a wrong done to the parent in consequence of injury to his child by the actionable negligence of another." *Dunn,* 333 N.W.2d at 832. From this the Counts argue the "gist" of their action is a wrong done to them, as parents, resulting from the intoxication and injury to their nineteen-year-old child as a consequence of that child being sold and served intoxicants by the Lounge.

We are not free, on the basis of these concerns, to legislate the changes the Counts urge. In Iowa, the period of minority extends to the age of eighteen, unless marriage or certain incarcerations occur earlier. Iowa Code § 599.1; 1993 Iowa Acts ch. 46, § 2. We feel obliged to yield to this legislative determination and see no logical reason to fix a different age under rule 8, even in the context of dramshop actions. We have expressly held that an eighteen-year-old is not a minor for purposes of rule 8. *Miller v. Wellman Dynamics Corp.,* 419 N.W.2d 380, 383 (Iowa 1988) (citing Iowa Code § 599.1).

The district court was correct in refusing to construct a new rule for majority under the dram shop Act and in rejecting the theory of recovery that was based upon it.

■ III. In addition to seeking the consequential damages we have discussed, the Counts also seek damages for loss of consortium. Rule 8 grants parents this right with respect to their minor children. But, because Jim, Jr. was nineteen at the time of his accident, also because he had become emancipated, his parents have no right of action under rule 8. *Wardlow,* 190 N.W.2d at 442.

We have held that a parent's loss of a child's services, companionship, and society, or consortium, is an injury to property within the meaning of the dram shop Act. *Thorp v. Casey's Gen. Stores, Inc.,* 446 N.W.2d 457, 463–64 (Iowa 1989); *Gail v. Clark,* 410 N.W.2d 662, 668–70 (Iowa 1987) (holding child's claim for loss of parent's consortium is damage to property under dram shop Act). Looking beyond rule 8, relying on our *Thorp*

and *Gail* holdings, the Counts urge a consortium claim under the dram shop Act.

We think the holdings do not support the claim. The consortium claim for the children in *Gail* was grounded in rule of civil procedure 8. *Gail,* 410 N.W.2d at 668–69. We distinguished prior cases denying dramshop consortium claims on that very basis. *Id.* To the degree the consortium "property right" is derived from rule 8, it is limited to the scope of the entitlement provided by that rule. *Thorp,* which involved the death of a thirteen-year-old child, makes no mention of rule 8 in allowing the parents' consortium claim under the dram shop Act. *Thorp,* 446 N.W.2d at 463–64. *Thorp* was however emphatically based on our holding in *Gail* which was rooted in rule 8, and thus limited to minors.

We also note that, in addition to rule 8, the *Gail* decision cites numerous authorities in support of a common-law consortium property right. *Gail,* 410 N.W.2d at 668–69; *see, e.g., Madison v. Colby,* 348 N.W.2d 202, 206 (Iowa 1984) (family members have mutual right to the aid of other family members in maintenance of household which is "valuable property right"). Whatever consortium rights existed in common law, in Iowa we have refused to accord them to parents on account of injury or death to an adult child. *Ruden v. Parker,* 462 N.W.2d 674, 675 (Iowa 1990); *Miller,* 419 N.W.2d at 383–84.

The trial court was correct in rejecting the Counts' loss of consortium claim.

**AFFIRMED.**