STATE of Iowa, Appellant,

v.

Carissa CAMPBELL, Appellee.

No. 00–1109.

Supreme Court of Iowa.

Sept. 6, 2001.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Darin J. Raymond, County Attorney, and Amy Oetken, Assistant County Attorney, for appellant.

Patrick N. Murphy of Murphy & Collins, P.L.C., Le Mars, for appellee.

TERNUS, Justice.

The defendant, Carissa Campbell, was charged with underage possession of alcohol after police officers found her drinking beer in an apartment with several other individuals. *See* Iowa Code § 123.47(2) (1999). The district court granted the defendant's motion to dismiss, holding that she was exempt from the prohibitions of the statute because she was an adult. We granted the State's application for discretionary review, and now reverse and remand for reinstatement of the charge.

Iowa Code section 123.47(2) provides that "[a] person or persons under legal age shall not ... individually or jointly have ... beer in their possession or control...." "Legal age" is defined in Iowa's Alcoholic Beverage Control Act as "twenty-one years of age or more." Iowa Code

§ 123.3(19). The defendant was nineteen years old at the time of the alleged offense. Thus, although she was no longer a minor under the law, *see id.* § 599.1 (stating that "[t]he period of minority extends to the age of eighteen years"), she was not of "legal age" under chapter 123.

Despite the fact that the defendant was an underage person and had beer in her possession, the district court dismissed the charge on the basis of a statutory exemption for "beer given or dispensed to a person under legal age within a private home and with the knowledge, presence, and consent of the parent or guardian." *Id.* § 123.47(2). The court held that the defendant, "[h]aving attained the age of majority," was her own guardian. Accordingly, concluded the court, section 123.47(2) did not prohibit the defendant from drinking alcoholic beverages inside a private home.

 The State claims that this interpretation of the statutory exemption is wrong. We review the district court's interpretation of section 123.47(2) for the correction of errors of law. *See State v. Eickelberg*, 574 N.W.2d 1, 3 (Iowa 1997). Our goal in interpreting a statute is to give effect to legislative intent. *See State v. McCoy*, 618 N.W.2d 324, 325 (Iowa 2000). We determine legislative intent from the words chosen by the legislature. *See id.* At issue in this case is the meaning of the term "guardian" as used in the statutory exemption. When the legislature has not defined a term and it does not have a particular meaning in law, we give the term its ordinary meaning. *See id.*

The legislature did not provide a definition of the word "guardian" as used in chapter 123. Nonetheless, this term does appear to have a particular meaning in law. Iowa Code chapter 600A addresses the termination of parental rights and contains a definition of the word "guardian." Section 600A.2 defines "guardian" as

a *person* who is not the parent of a minor child, but who has been *appointed by a court* or juvenile court having jurisdiction over the minor child to make important decisions which have permanent effect on the life and development of that child and to promote the general welfare of that child.

Iowa Code § 600A.2 (emphasis added); *accord id.* § 232.2(21) (defining "guardian" as "a person . . . who has been appointed by a court . . . to make important decisions which have a permanent effect on the life and development of [a] child and to promote the general welfare of that child"). A comparable definition appears in chapter 633, Iowa's Probate Code. In this chapter, which deals, in part, with the commencement, administration and termination of guardianships, the legislature has defined a "guardian" as "the person *appointed by the court* to have the custody of the person of the ward under the provisions of this Code." *Id.* § 633.3(20) (emphasis added).

The dictionary definitions of this term are similar to the statutory definitions found in the Iowa Code. The common definition of "guardian" includes "one to whom a person or thing is committed for protection, security, or preservation" and "one who has or is entitled or *legally appointed* to the care and management of the person or property of *another.*" *Webster's Third New International Dictionary* 1007 (unabr. ed.1993) (emphasis added). A noted legal dictionary defines the term as "[o]ne who has the *legal* authority to care for *another's* person or property." *Black's Law Dictionary* 712 (7th ed.1999) (emphasis added); *accord Mellinkoff's Dictionary of American Legal Usage* 277 (1992) (defining "guardian" as "a *person appointed by court order* to take care of the person, property, or both of one unable to do so by

reason of minority or incompetence" (emphasis added)).

There is a common theme in the dictionary definitions and the statutory definitions: They consistently contemplate a relationship between two people with one person having the authority or responsibility to care for the other. In addition, the statutory and legal definitions of the term "guardian" anticipate the involvement of the court in appointing a person to that capacity.

 We think these definitions are consistent with the legislature's intent in enacting the statutory exemption found in section 123.47(2). The underlying premise of the prohibition on underage drinking is that a person under the age of twenty-one is not mature enough to drink responsibly. *See generally State v. Garman*, 250 Iowa 166, 168, 93 N.W.2d 105, 106 (1958) (stating that the purpose of the statutory prohibition against the sale of alcoholic beverages to minors—at that time, persons under the age of twenty-one—was "to prohibit the sale of beer to all persons of immature age"); Iowa Code § 123.1 (stating that chapter 123 was enacted "for the protection of the welfare, health, peace, morals, and safety of the people of the state"). The statute should be liberally construed to accomplish the obvious objective of protecting persons under the legal age from the troublesome consequences of alcohol consumption. *See De More v. Dieters*, 334 N.W.2d 734, 737 (Iowa 1983) (construing section 123.47 liberally to accomplish the statutory objective of protecting underage persons "from the evils of alcohol"); Iowa Code § 123.1 (stating that the statute "shall be liberally construed for the accomplishment of [the statutory] purpose"). Consistent with the underlying premise of the statutory prohibition against underage drinking, the legislature has provided for a narrow exception when another responsible individual—a parent or guardian—has consented to the underage person's consumption of alcohol and is present to supervise that person's drinking. It would be contrary to the legislative scheme to interpret the exemption as allowing the underage person to decide for himself or herself whether, what and how much to drink. The fact that this underage person may be an adult under chapter 599 is of no import. The legislature is free to prohibit or otherwise limit drinking by persons who are eighteen, nineteen, and twenty. *See* U.S. Const. amend. 21; *Wisconsin v. Constantineau*, 400 U.S. 433, 436, 91 S.Ct. 507, 509, 27 L.Ed.2d 515, 518 (1971) (stating that the states' police power over intoxicating liquors is "extremely broad").

We reject the defendant's argument that because the defendant was an adult and therefore not subject to the control of her parents or a guardian, she could not be governed by a rule requiring parental or guardian consent to drinking in a private residence. The legislature has the power to set the age for alcohol consumption differently than the age of majority. Thus, although for other purposes the defendant may not have been subject to parental control, for purposes of drinking alcoholic beverages, she was required to obtain the knowing consent and presence of one of her parents or a court-appointed guardian.

We also find the defendant's and trial court's reliance on the cases of *H.L. v. Matheson*, 450 U.S. 398, 101 S.Ct. 1164, 67 L.Ed.2d 388 (1981), and *Counts v. Hospitality Employees, Inc.*, 518 N.W.2d 358 (Iowa 1994), to be misplaced. In *Matheson*, the United States Supreme Court implied that application of a parental notification law to emancipated minors seeking an abortion would be unconstitutional. 450 U.S. at 406, 101 S.Ct. at 1169, 67 L.Ed.2d at 396. This case is distinguishable from

the situation before us. A woman has a limited constitutional right to an abortion. *See Roe v. Wade*, 410 U.S. 113, 153–56, 93 S.Ct. 705, 727–28, 35 L.Ed.2d 147, 177–179 (1973). No comparable right to consume alcoholic beverages exists. *See* U.S. Const. amend. 21.

In *Counts*, this court held that parents of an emancipated, nineteen-year-old boy could not recover, on a dramshop theory, for care they furnished on account of their son's injuries. 518 N.W.2d at 359–60 (noting plaintiffs brought suit under Iowa Code section 123.92 (1993)). We reasoned that because the son was an adult, his parents were not legally obligated to provide for his care and, therefore, they sustained no recognizable damages. *Id.* The parents' claim for loss-of-consortium damages under Iowa Rule of Civil Procedure 8 was also rejected, again because the injured child was an adult. *See* Iowa R. Civ. P. 8 (allowing parents to recover loss-of-consortium damages "resulting from injury to or death of a *minor* child" (emphasis added)). The trial court in the case before us reasoned that it would be inconsistent to consider a nineteen-year-old person as an adult for purposes of a dramshop action under chapter 123, but consider him or her to "be a minor under another section of the same chapter." There is no inconsistency, however, because section 123.47(2) regulates persons on the basis of their "legal age," and the legislature has chosen to define "minority" and "legal age" differently. Therefore, the fact that the viability of both the dramshop theory and rule 8 claim asserted in *Counts* depended on whether the nineteen-year-old son was a *minor* has no relevance to whether a nineteen-year-old person, who is not of *legal age,* can drink in a private residence without the knowledge, consent, and presence of a parent or guardian. The *Counts* deci-

sion is simply inapposite to the issue before the court in the present case.

In conclusion, we think the district court erred in ruling that an adult under the legal age of twenty-one could act as his or her own guardian for purposes of the statutory exemption allowing consumption of alcohol in private residences. This exemption is triggered only when a parent or a guardian—a person appointed by the court to be responsible for the ward—knows of and consents to the drinking and is present when it occurs. Accordingly, we reverse the court's dismissal of this prosecution and remand for reinstatement of the charge against the defendant.

**REVERSED AND REMANDED.**

SNELL, S.J.,* participates in lieu of STREIT, J., who takes no part.