CITY OF WATERLOO, Iowa and Leo P. Rooff, Individually and as Mayor of the City of Waterloo, Iowa, Appellees,

v.

Marvin SELDEN, Comptroller of the State of Iowa, and Howard F. Gibbs, Auditor of Black Hawk County, Iowa, Appellants.

CITY OF AMES, Iowa and Lee Fellinger, Individually and as Mayor of Ames, Iowa, Appellees,

v.

The BOARD OF SUPERVISORS FOR STORY COUNTY, Iowa, and Alvina McHone, Story County Auditor, Appellants,

and

State Appeal Board, Intervenor-Appellant.

Nos. 59729, 59757.

Supreme Court of Iowa.

March 16, 1977.

Richard C. Turner, Atty. Gen., John E. Beamer, Special Asst. Atty. Gen., and Fred M. Haskins, Asst. Atty. Gen., for appellants Marvin Selden and State Appeal Board.

William S. Smith, and Victor N. Kennedy, Waterloo, for appellees City of Waterloo, Iowa, and Leo P. Rooff.

John R. Klaus, City Atty., for appellees City of Ames, Iowa, and Lee Fellinger.

McCORMICK, Justice.

The question here is whether 1976 legislation imposing budget limitations on cities with populations of more than 750 can be squared with the equal protection clause of the Iowa Constitution. We find it can be and therefore reverse the contrary decisions of the trial courts in these consolidated appeals.

The Sixty-sixth General Assembly, 1976 session, enacted senate file 1062 as a temporary property tax relief measure. In an effort to forestall large increases in property tax levies during the ensuing three-year fiscal period, the statute included this provision:

Sec. 2. City levy limitation. The maximum amount in dollars which may be levied by a city with a population of more than seven hundred fifty over the amount in dollars levied for the base year shall be limited to an aggregate increase of nine percent for the fiscal year beginning July 1, 1976, and seven percent for the fiscal years beginning July 1, 1977, and July 1, 1978 for the following desig-

nated property tax levies, except as otherwise provided in this division:

[certain individual levies listed]

* * *. Acts 66 G.A. ch. 1067 § 2. Similar limitations were imposed on county, agricultural extension education, and special district levies. §§ 3–5. However, the special district levy limitation was stricken by item veto. The statute also included a mechanism for appeal by the affected political subdivisions to the state appeal board, authorizing approval of property tax budget increases of more than nine percent upon proof of unusual circumstances. § 7.

The present cases arise from Waterloo and Ames. In the Waterloo case, the City and its mayor sought a declaratory judgment that § 2 of the statute infringed their rights under Ia.Const. Art. I § 6. They named Marvin Selden, state comptroller, and Howard F. Gibbs, county auditor, as defendants. Plaintiffs and defendant Selden each filed motions for summary judgment. After hearing the motions, the trial court, Kenline, J., sustained plaintiffs' motion and entered judgment accordingly. The other case is a mandamus action brought by the City of Ames and its mayor against the Story County board of supervisors and auditor to require them to levy taxes to meet the budget certified by the City for the fiscal year beginning July 1, 1976. The budget exceeded the statutory limitation. The state appeal board intervened in behalf of defendants. After trial, the trial court, Seiser, J., sustained the prayer for mandamus on grounds of "issue preclusion" and "stare decisis" based on the Waterloo decision. Defendants Selden and the state appeal board have appealed the two decisions.

No issue is presented regarding the standing of the plaintiffs in the two cases to maintain the actions. We intimate no view on that subject. See *Warren County v. Judges of the Fifth Judicial District*, 243 N.W.2d 894, 897 (Iowa 1976).

The determinative question is whether § 2 of the statute violates Ia.Const. Art. I § 6. We hold it does not.

Ia.Const. Art. I § 6 provides:

All laws of a general nature shall have a uniform operation; the General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms shall not equally belong to all citizens.

■ The general principles applicable to the determination of the constitutionality of the challenged statutory provision are well established. All presumptions are in favor of the constitutionality of the statute and it will not be held invalid unless it is clear, plain and palpable that such decision is required. The legislature may pass any kind of legislation it sees fit so long as it does not infringe the state or federal constitutions. Courts do not pass on the policy, wisdom, advisability or justice of a statute. The remedy for those who contend legislation which is within constitutional bounds is unwise or oppressive is with the legislature. The burden is not upon defendant Selden and intervenor state appeal board to prove the act is constitutional. Plaintiffs have the burden to demonstrate beyond a reasonable doubt the act violates the constitutional provision invoked and to point out with particularity the details of the alleged invalidity. To sustain this burden plaintiffs must negative every reasonable basis which may support the statute. *Dickinson v. Porter*, 240 Iowa 393, 399–400, 35 N.W.2d 66, 71 (1949). Every reasonable doubt is resolved in favor of constitutionality. *Avery v. Peterson*, 243 N.W.2d 630, 633 (Iowa 1976).

■■ Plaintiffs contend the budget limitations in § 2 of the statute offend equal protection because no reasonable ground exists for making them applicable only to cities of more than 750 population. Enactment of the statute amounts to a contrary finding by the legislature. In evaluating plaintiffs' challenge, we recognize the legislature's wide discretion in determining classifications to which its act shall apply. Moreover, in tax matters even more than in other fields legislatures possess the greatest freedom in classification. The differences upon which the classification is based need not be great or conspicuous. An iron rule

of equal taxation is neither attainable nor necessary. *Dickinson v. Porter,* supra, 240 Iowa at 401, 35 N.W.2d at 72.

■ We have recognized that Ia.Const. Art. I § 6 puts substantially the same limitation on state legislation as does the equal protection clause of the fourteenth amendment to the United States Constitution. *Graham v. Worthington,* 259 Iowa 845, 863, 146 N.W.2d 626, 638 (1966).

The Supreme Court applies the following standard to state economic regulations challenged under the federal equal protection clause:

> When local economic regulation is challenged solely as violating the Equal Protection Clause, this Court consistently defers to legislative determinations as to the desirability of particular statutory discriminations. * * * Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discrimination and require only that the classification challenged be rationally related to a legitimate state interest. States are accorded wide latitude in the regulation of their local economies under their police powers, and rational distinctions may be made with substantially less than mathematical exactitude. Legislatures may implement their program step-by-step, * * * in such economic areas, adopting regulations that only partially ameliorate a perceived evil and deferring complete elimination of the evil to future regulations. * * * In short, the judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines · * * *, in the local economic sphere, it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment. *New Orleans v. Dukes,* 427 U.S. 297, 96 S.Ct. 2513, 2516–2517, 49 L.Ed.2d 511, 516–517 (1976).

This court has expressed similar sentiments under both the federal and state equal protection clauses. See *Avery v. Peterson,* supra, 243 N.W.2d at 633; *Brown Enterprises, Inc. v. Fulton,* 192 N.W.2d 773, 776 (Iowa 1971); *Farrell v. State Board of Regents,* 179 N.W.2d 533, 539 (Iowa 1970); *Dickinson v. Porter,* supra, 240 Iowa at 401, 35 N.W.2d at 72.

■ Viewed in light of these principles, the record in the present cases shows the classification here does not offend Ia. Const. Art. I § 6.

A report prepared by the state comptroller's office in November 1975 was offered in support of defendant Selden's motion for summary judgment in the Waterloo case and as part of the evidence of the state appeal board in the Ames case. This report listed statistical data comparing population, property valuation and fiscal 1976 budgets in Iowa's 27 largest cities with the same data for the state's other 929 cities and with like data for the 493 cities having populations less than 500. The 27 largest cities contained 56.2 percent of the total city population, 60.3 percent of the valuation and 64.1 percent of the total fiscal 1976 budget for all cities. The cities with populations less than 500 contained 5.55 percent of the total city population, 3.89 percent of the valuation and 2.35 percent of the total fiscal year budget for all cities. Analysis of these figures and supporting information shows substantially higher budgets per dollar of assessed valuation in larger cities than in smaller cities. The property tax burden increases steadily in proportion to the size of the city.

Because of this, it is conceivable that the legislature believed the need for limitation on growth of budgets was greater in larger cities than in smaller cities. This judgment is wholly within the legislative prerogative. Equal protection assurances do not require dissimilar situations to be treated similarly. A classification imposing budget limitations on the cities where the legislature may reasonably have perceived the problem to be greater rationally relates to a legitimate state interest. It bears a reasonable rela-

tionship to the purpose the legislature sought to accomplish.

We have no occasion to consider whether the classification can also be sustained on other rational hypotheses.

 Once a rational relationship is shown between the legislative purpose and the population of cities, the choice of a line of demarcation for application of the legislation is a matter largely for legislative discretion. If the line may be drawn at all, the legislature has wide discretion to determine at what point it should be drawn. *Knudson v. Linstrum*, 233 Iowa 709, 716–717, 8 N.W.2d 495, 500 (1943); *State ex rel. Welsh v. Darling*, 216 Iowa 553, 557, 246 N.W. 390, 392 (1933).

 In the Waterloo case the trial court found no substantial distinction between large and small cities sufficient to justify the challenged classification. In doing so the court relied on testimony of the Waterloo mayor that the problems and functions of all cities are the same, with a few exceptions admittedly related to size. The mayor said he did not think the classification for purposes of the budget limitation was justified. At most the mayor's testimony shows a difference of opinion with the legislature. It falls far short of being proof beyond a reasonable doubt, as a matter of law, that no rational hypothesis exists for the classification. The trial court erred in sustaining plaintiff's motion for summary judgment in the Waterloo case.

Ordinarily it would not automatically follow that the court also erred in failing to sustain the motion for summary judgment of defendant Selden. It would not do so if a genuine issue of material fact remained for trial. However, in this case no such issue existed. Based on the showing made by defendant Selden, the court should have sustained his motion for summary judgment. Even though he did not have the burden to do so, he established, as a matter of law, a rational basis for the challenged classification. Therefore, in the Waterloo case we reverse and remand for entry of judgment for defendant Selden.

Summary judgment was not involved in the Ames case. It was tried on the merits. The record so made is wholly inadequate to support a finding that plaintiffs in that case met their heavy burden to negative every reasonable basis which may sustain the statute. Indeed, as in the Waterloo case, the record affirmatively establishes at least one rational basis for the challenged classification. The trial court erred in sustaining the petition for mandamus. The deference accorded by the court to the Waterloo decision was unwarranted. The petition should have been dismissed as asked by intervenor state appeal board. The trial court's decree in the Ames case is reversed.

REVERSED AND REMANDED ON ONE APPEAL; REVERSED ON THE OTHER.