**Dean A. MILLER, Executor of the Estate of Christopher John Miller, Deceased, Plaintiff,**

**and**

**Renee Squires, Appellant,**

v.

**WELLMAN DYNAMICS CORPORATION, Vincent Bobenhouse, and Steel Cruiser Manufacturing Co., Inc., Appellees.**

No. 86–1202.

Supreme Court of Iowa.

Feb. 17, 1988.

David S. Wiggins and Robert K. DuPuy of LaMarca, Marcucci, Wiggins & Anderson, P.C., West Des Moines, for appellant.

David H. Luginbill of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, Des Moines, for appellee Wellman Dynamics Corp.

B. Ronald Pogge and Thomas J. Logan of Hopkins & Heubner, Des Moines, for appellees Steel Cruiser Mfg. and Vincent Bobenhouse.

Considered by LARSON, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

On May 21, 1984, Christopher John Miller, an employee of Steel Cruiser Manufacturing Company (Steel Cruiser), sustained injuries in a fall through a skylight while working on the premises of defendant Wellman Dynamics Corporation (Wellman). Miller died eight days later as a result of these injuries. He was eighteen years old on the date of his death. On February 6, 1986, the executor of Miller's estate filed a petition against Wellman and Vincent Bobenhouse, an employee of Steel Cruiser. Wellman subsequently filed a cross-claim petition against Steel Cruiser. On May 14, 1986, Miller's biological mother, Renee Squires, filed an amendment to the estate's petition, seeking damages for the loss of Miller's aid, comfort, companionship, services, society and consortium. All defendants moved to dismiss the amendment, contending the cause of action and damages sought were not recognized or recoverable, respectively, under Iowa law. The district court agreed and dismissed Squire's amendment accordingly. This appeal followed.

I. *The Jurisdictional Issue.*

We are faced initially with a procedural matter. Wellman filed its motion to dismiss on June 4, 1986. Bobenhouse and Steel Cruiser joined in a motion to dismiss which was filed on June 6, 1986. On Au-

gust 5, 1986, the district court sustained Wellman's motion and dismissed Squires' petition. On August 7, 1986, by way of nunc pro tunc order, the district court realized it had "inadvertently omitted two defendants from the [August 5] ruling on the motions to dismiss," and "amended [the August 5 ruling] to include and sustain [the motion of Bobenhouse and Steel Cruiser]." Squires' original and amended notices of appeal refer only to the district court's August 7 ruling. Wellman, whose motion was the subject of the August 5 ruling, now maintains we have no jurisdiction over Squires' appeal against it because the notice of appeal did not refer to the August 5 ruling.

Our rules of appellate procedure provide that a notice of appeal "shall specify the parties taking the appeal and the decree, judgment, order or part thereof appealed from." Iowa R.App.P. 6(a). In applying the forerunner of rule 6(a), we stated the following guiding principles:

> *Substantial compliance* with the provisions of rule 336 is sufficient. In considering the sufficiency of the content of the notice we now hold that if the intent of the appellant to appeal from a judgment may be inferred from the text of the notice and if the appellee has not been misled by the defect the appeal will be entertained. This more liberal rule of construction is consistent with our oft repeated preference for disposition of cases on the merits and not on mere technicalities.

*Hawkeye Sec. Ins. Co. v. Ford Motor Co.,* 199 N.W.2d 373, 378 (Iowa 1972) (citations omitted).

In the context of the present appeal it is important to note that a nunc pro tunc entry makes the record "show now what was actually done then." *McVay v. Kenneth E. Montz Implement Co.,* 287 N.W.2d 149, 150 (Iowa 1980). The purpose of such an order is to make the record show truthfully what judgment was actually rendered. *General Mills Inc. v. Prall,* 244 Iowa 218, 225, 56 N.W.2d 596, 600 (1953). Our statutes grant the district court nunc

pro tunc authority "only to correct an evident mistake." Iowa Code § 602.17 (1983).

The district court's August 7 nunc pro tunc order amended its August 5 ruling so as to "include and sustain" Bobenhouse and Steel Cruiser's motion to dismiss. Squires' notice of appeal, although referring to the August 7 date, noted that Squires was appealing the district court's disposition of "Defendants' Motions to Dismiss...." By referring to "motions" in the plural, we think Squires expressed an intent to appeal not only the ruling on the motion submitted by Bobenhouse and Steel Cruiser but also the ruling on Wellman's motion. We note that Wellman makes no contention that they were in any way misled by Squires' notice of appeal.

We dealt with a similar issue in *In re Guardianship and Conservatorship of Ankeney,* 360 N.W.2d 733 (Iowa 1985). There, the controlling issue on appeal was whether the district court, sitting in probate, possessed the authority to direct a guardian to provide a ward's access to a grandparent. *Id.* at 734. The district court had done so by order dated August 1, 1983. *Id.* at 735. On August 8, 1983, however, the district court entered a further order specifying the visitation schedule. *Id.* The notice of appeal was addressed to the August 8, but not to the August 1, order. *Id.* In upholding our jurisdiction, we concluded both that the earlier order was included by a literal reading of the notice's language and that the notice met our requirement of substantial compliance with the rule of appellate procedure. *Id.* at 735–36.

■ We think a similar analysis should prevail here. Squires' notices stated that she was appealing the district court's ruling on the defendants' *motions* to dismiss. From this we may certainly infer she sought review both of Wellman's motion and of Bobenhouse and Steel Cruiser's motion. Although she mentioned only the date of the nunc pro tunc order, that order simply set forth what was actually accomplished by the August 5 ruling. *See McVay,* 287 N.W.2d at 150. We think the notice was sufficient to confer jurisdiction

in this court over defendant Wellman as well as over the other two defendants.

## II. *The Wrongful Death Issue.*

Squires maintains her amendment to the petition states a cause of action by which she may seek damages for lost aid, comfort, companionship, services, society and consortium allegedly resulting from her son's premature death.

■ The right of action for wrongful or negligent death of another was unknown at common law in this state and exists only by, and to the extent of, legislative grace. *E.g., Egan v. Naylor,* 208 N.W.2d 915, 917 (Iowa 1973). By virtue of that grace, damages recoverable for the death of another are engendered by our survival statute, Iowa Code § 611.20 (1983), and, in the case of minor children, by Iowa Rule of Civil Procedure 8. *Wardlow v. City of Keokuk,* 190 N.W.2d 439, 442 (Iowa 1971).

■ Under section 611.20 the wrongful death cause of action may only be brought by the administrator of the minor's estate. *Id.* at 443. A special damages provision, Iowa Code § 613.15, provides that in such an action "the appropriate administrator, may recover the value of [decedent's] services and support as spouse or parent, or both, as the case may be, in such sums as the jury deems proper...." Although we have adopted a broad interpretation of "services" as that term is used within this section, *see, e.g., Iowa–Des Moines Nat'l Bank v. Schwerman Trucking Co.,* 288 N.W.2d 198, 204 (Iowa 1980), the section's very terms make compensable only such services "as spouse or parent," not, as in the present case, as child. In addition, to reiterate, the cause of action under our survival statute must be brought by the administrator of the decedent's estate. *See Audubon–Exira Ready Mix, Inc. v. Illinois Cent. Gulf R.R.,* 335 N.W.2d 148, 152–53 (Iowa 1983) (spouse's wrongful death loss of consortium claim under sections 611.20 and 613.15 must be brought by administrator of decedent's estate; may not be brought by surviving spouse). Accordingly, our survival statute

and associated legislation neither grant Squires standing to bring the action she seeks nor allow for the damages sought by the petition.

Nor, we think, can Squires base her claim on Iowa Rule of Civil Procedure 8. That rule provides that "[a] parent ... may sue for the expense and actual loss of services, companionship and society resulting from ... [the] death of a minor child." We have recognized that this rule creates a separate parental right of action for damages independent of a wrongful death cause. *Egan,* 208 N.W.2d at 916. We employ a broad understanding of the damages available under this rule. *See Wardlow,* 190 N.W.2d at 448; *see also Madison v. Colby,* 348 N.W.2d 202, 206 (Iowa 1984) ("services" as used in section 613.15 and rule 8 embrace elements of common-law consortium). The rule's very language, however, limits recovery of those damages to circumstances resulting from the death of a "minor child." The decedent in the case at bar, Squires' son, was eighteen years old and, consequently, not a minor. *See* Iowa Code § 599.1 (1983).

■ Squires remains unpersuaded that the decisions under our survival statute and rule 8 definitively resolve her contentions. She emphasizes that in *Madison* we characterized our decision in *Audubon–Exira* as an attempt "to mold the common law, rule 8 and statutory remedies into a more coherent system." 348 N.W.2d at 208. Squires contends that this characterization of our efforts in *Audubon–Exira,* coupled with a recognition of the liberal construction afforded the pertinent statutes and rule 8, *see Irlbeck v. Pomeroy,* 210 N.W.2d 831, 833 (Iowa 1973) (rule 8 given liberal construction), compel us to recognize a common-law right of parents to sue for consortium damages resulting from the wrongful death of an adult child. We decline to do so.

Our decision in *Madison,* notwithstanding the above-cited language, also recognized that the common law did not grant a spouse or child the right to recover consortium damages following the death of a

spouse or parent, respectively. 348 N.W. 2d at 207. We implied a similar understanding of the common law with respect to a parent's claim following the death of a child. *Id.* ("If the person died, the only further recovery could be made under rule 8 in the case of a child....."). These observations are consistent with the rule, well entrenched in this state, that wrongful death causes of action are unknown to our common law and exist only by virtue of legislation. *E.g., Egan,* 208 N.W.2d at 917. Our language in *Madison,* relied on by Squires, referred to our attempt to develop a more coherent system of the consortium remedies available for the different causes of action recognized by common law, statute and rule. It does not refer to an attempt to create causes of action unknown to those sources. Squires' claim is recognized by none of those sources, and we decline to recognize it today.

III. *The Constitutional Issue.*

Squires contends that rule 8, if not furnishing her cause of action, is unconstitutional as violative of her right to equal protection of the laws. It suffices to say we believe this argument is not properly before us, as it was not presented to the district court. Even issues of constitutional magnitude will not be addressed by this court if not presented in the trial court. *Shenandoah Educ. Ass'n v. Shenandoah Community School Dist.,* 337 N.W.2d 477, 483 (Iowa 1983).

The district court is affirmed.

AFFIRMED.