Robert RUDEN, Administrator of the Estate of Darci Elaine Ruden, Deceased, and Robert Ruden and Jo Lynn Ruden, Appellants,

v.

Terry Lynn PARKER, Appellee.

No. 89–983.

Supreme Court of Iowa.

Nov. 21, 1990.

Earl A. Payson of Nagle, Harris, Cook & Payson, Davenport, Mark J. Smith of Wells, McNally & Bowman, Davenport, and Jerome V. Bolkcom, Alexandria, Va., for appellants.

Michael J. Motto of Carlin, Hellstrom & Bittner, Davenport, for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, LAVORATO, SNELL and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Plaintiff parents appeal from a grant of summary judgment that dismissed their claim for parental consortium due to the death of their adult child. We affirm.

I. *Background facts and proceedings.* Darci Elaine Ruden was killed in an accident on March 24, 1986, when the car she was driving struck a truck driven by defendant Terry Lynn Parker. Darci was 18 years old at the time of her death.

A petition was filed against Parker. In division I, Robert Ruden, acting as administrator of Darci's estate, sought damages for her alleged wrongful death. In division II of this petition, Robert and Jo Lynn Ruden (Rudens) seek damages for the loss of companionship and society of Darci, their adult child.

Defendant Parker filed a motion for partial summary judgment, Iowa R.Civ.P. 237, seeking dismissal of Rudens' claim for loss of parental consortium. Parker relied on Iowa Rule of Civil Procedure 8 which expressly limits a parent's right to maintain an action for loss of companionship and society to injury or death of a "minor child." *See Miller v. Wellman Dynamics Corp.*, 419 N.W.2d 380, 383 (Iowa 1988).

The district court granted defendant's summary judgment motion, ruling that Rudens have no claim for loss of consortium of their adult daughter Darci. Rudens appeal with our permission, Iowa R.App.P. 2, from the district court's grant of the partial summary judgment motion.

In *Miller*, we recognized the well settled principle that the right of action for wrongful or negligent death of another was unknown at common law in this state and exists only by, and to the extent of, legislative grace. *Id.* We further refused to recognize a common-law right of parents to sue for consortium damages resulting from the wrongful death of an adult child. *Id.* In view of that state of the law, Rudens now challenge rule 8 on constitutional grounds. Rudens contend that denial or omission by rule 8 of parents' alleged right to recover for loss of consortium of an adult child, while allowing parents to recover for loss of consortium of a minor child, is a denial of the equal protection guarantees of the United States and Iowa constitutions. *See* U.S. Const. amend. XIV § 1; Iowa Const. art. I § 6.

II. *Standing.* Parker contends that Rudens do not have standing to challenge the constitutionality of rule 8. We will assume, without deciding, that Rudens have standing to challenge rule 8 because we conclude that rule 8 does not deny equal protection as it applies to Rudens.

We do, however, feel compelled to clarify our holding in *Miller*. In *Miller*, we stated that parents of an adult child did not have standing to bring a parental consortium action under Iowa Code sections 611.20 and 613.15 (1987). *Miller*, 419 N.W.2d at 383. Parents lack standing to bring a cause of action under those statutes because the statutes require that a cause of action under them must be brought by the administrator of the decedent's estate. *Id.*

We, also, held in *Miller* that parents of an adult child could not recover damages under rule 8 because the language of rule 8 limits recovery to circumstances resulting from the death of a minor child. *Id.* We did not, however, hold that parents of an adult child could not challenge the constitutionality of rule 8. We stated error had not been preserved for appeal on that question. *Id.* at 384.

III. *Rudens' equal protection challenge.* Iowa Rule of Civil Procedure 8 provides: "A parent, or the parents, may sue for the expense and actual loss of services, companionship and society resulting from injury to or death of a minor child."

Rudens argue that the equal protection guarantees of the United States and Iowa constitutions will be violated if rule 8 is applied in a manner that denies them a right to recover for the loss of consortium that resulted from the death of their adult child, while allowing parents to recover for the loss of consortium of a minor child. The district court disagreed with Rudens and ruled that there was no equal protection violation.

The United States Constitution provides that, "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. Article I section 6 of the Iowa Constitution places substantially the same limitations upon the state as does the equal protection clause of the United States Constitution. *See Hearst Corp. v. Iowa Dept. of Revenue & Finance*, 461 N.W.2d 295, 304 (Iowa 1990).

A. *The appropriate standard of review.* The first step in applying an equal protection analysis is to determine the appropriate standard of review. *Id.* We apply a rational basis test unless the challenged statute employs a suspect classification or burdens a fundamental right. *Bennett v. City of Redfield,* 446 N.W.2d 467, 473 (Iowa 1989).

"Suspect classifications are generally based on race, alienage, or national origin." *Id.* No suspect class is implicated in this case.

"Fundamental rights include the right to vote, the right to interstate travel, and other rights, such as those guaranteed by the First Amendment, which are considered essential to individual liberty." *Id.* No fundamental right is involved in this case. *See Parham v. Hughes,* 441 U.S. 347, 358, 99 S.Ct. 1742, 1749, 60 L.Ed.2d 269, 279, n. 12 (1979) (Stewart, J., plurality) ("It cannot seriously be argued that a statutory entitlement to sue for the wrongful death of another is itself a 'fundamental' or constitutional right."); *see also Masunaga v. Gapasin,* 57 Wash.App. 624, 630–32, 790 P.2d 171, 175 (1990); *Shoemaker v. St. Joseph Hosp. & Health Care Center,* 56 Wash.App. 575, 578–80, 784 P.2d 562, 564 (1990). Since the challenged statute does not employ a suspect classification or burden a fundamental right, we will apply a rational basis test.

B. *Rational basis analysis.* "Under the rational basis analysis, a statute is constitutional unless it is patently arbitrary and bears no rational relationship to a legitimate governmental interest." *Bennett,* 446 N.W.2d at 474. Further, statutes have a presumption of constitutionality. *Id.* The burden rests on the challenger to demonstrate that the statute violates equal protection concepts. *Id.* To sustain this burden Rudens must negative every reasonable basis which may support the statute. *City of Waterloo v. Selden,* 251 N.W.2d 506, 508 (Iowa 1977).

Parker points out a rational basis for the distinctions found in rule 8. In substance, Parker suggests that the parent-child relationship is different when a child is a minor as opposed to when a child is an adult. Minor children, as a general rule, live with their parents, and during their early years the interaction between the parent and child is of great importance to the parents, the child and society as a whole. In light of the importance of this relationship, it is rational that the legislature would choose to protect it by allowing recovery when the minor child is killed or injured.

Once emancipation or majority is attained, the relationship is different. The fact that there may be a continuing relationship between the parent and the adult child does nothing to diminish the fact that the relationship does change as the child becomes emancipated or reaches the age of majority.

Since there is a difference in the degree and nature of the relationship, with that of the parent/adult child being somewhat less than that of the parent/minor child, the legislature can rationally treat these relationships in a different manner, and limit the recoverability of consortium damages to the situation where the child dies before reaching the age of majority or emancipation.

We agree with the rational basis for rule 8 suggested by Parker. Thus, we hold that the distinctions made by rule 8 do not deny Rudens equal protection. Our holding that rule 8 does not offend equal protection guarantees is in accord with other jurisdictions which have addressed similar equal protection challenges to statutes similar to our rule 8. *See Masunaga v. Gapasin,* 57 Wash.App. 624, 630–35, 790 P.2d 171, 175–77 (1990); *Shoemaker v. St. Joseph Hosp. & Health Care Center,* 56 Wash.App. 575, 578–80, 784 P.2d 562, 564 (1990); *cf. Harris v. Kelley,* 70 Wis.2d 242, 234 N.W.2d 628 (1975) (statute excluding nondependent adult children from recovery for death of parent not violation of equal protection).

Rudens have directed us to other states that recognize a cause of action for loss of parental consortium of an adult child. None of these jurisdictions, however, have statutes that specifically limit parental re-

covery for loss of consortium to minor children. When a legislative mandate exists defining the remedies available for wrongful death, our function is limited. Our duty in this case is not to pass on the policy, wisdom, advisability, or justice of a statute. *See Selden*, 251 N.W.2d at 508. "The legislature may pass any kind of legislation it sees fit so long as it does not infringe on the state or federal constitutions." *Id*. "The remedy for those who contend legislation which is within constitutional bounds is unwise or oppressive is with the legislature." *Id*.

Other arguments raised by plaintiffs either have no merit or need not be discussed in view of the result reached.

Because we conclude that rule 8 does not offend the equal protection guarantees of the United States or Iowa constitutions, we affirm the district court's ruling on the partial summary judgment motion.

AFFIRMED.