Vincent J. GLOWACKI, Appellant,

v.

STATE of Iowa BOARD OF MEDICAL
EXAMINERS, Appellee.

No. 92–1068.

Supreme Court of Iowa.

June 16, 1993.

Sheila K. Tipton of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, and Charles W. Brooke of Noyes, O'Brien, Gosma & Brooke, Davenport, for appellant.

Bonnie J. Campbell, Atty. Gen., and Theresa O'Connell Weeg, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and LAVORATO, JJ.

HARRIS, Justice.

This is a constitutional challenge to a special statute that prohibits courts from entering stays of disciplinary orders of the board of medical examiners. The challenged statute prohibits, in the case of physicians, a widespread practice by which courts often order the withholding of the effect of a challenged administrative decision while it is being reviewed. Three grounds are urged as bases for the challenge, only two of which were preserved for review. The other ground, a claim that the statute violates the separation of powers doctrine, was not urged in district court and is therefore waived. *Donovan v. State*, 445 N.W.2d 763, 767 (Iowa 1989). We give the contention no further consideration.

In 1990 the Iowa board of medical examiners filed a complaint against plaintiff Vincent J. Glowacki, a licensed anesthesiologist. It alleged that Glowacki, during 1985–87, had violated both the Iowa Code and the Iowa administrative code by way of his billing practices for postoperative respiratory care services. Glowacki's competence to practice medicine was, and is, unchallenged. He denies any violation of statutes or rules.

The administrative panel and, on review, the full board found that the violations had occurred. The board ordered a ninety-day suspension of Glowacki's license to practice medicine. The board expressly acknowledged Glowacki's reputation as a "competent, caring and respected physician," and acknowledged that remedial steps had been taken so that the challenged billing practices were no longer occurring. The suspension thus is entirely punitive; no present threat to the public is implicated.

Glowacki filed for judicial review and moved to stay the suspension during the process of judicial review. A temporary stay was ordered but was annulled after hearing because it was found in violation of Iowa Code section 148.7(9) (1991).[1] We granted Glowacki an interlocutory appeal to challenge the ruling. The appeal involves only the constitutionality of Iowa

---

1. Iowa Code § 148.7(9) (1991) provides:
   The director's order revoking or suspending a license to practice medicine and surgery, osteopathic medicine and surgery or osteopathy or to discipline a licensee shall remain in force and effect until the appeal is finally determined and disposed of upon its merit.

Code section 148.7(9) as it relates to a physician whose competency to practice medicine is not at issue. We are not concerned with the merits of the disciplinary proceeding.

▮ I. Authority to grant stays upon judicial review of agency action is recognized in Iowa Code section 17A.19(5).[2] This section "plainly makes the issuance of the stay discretionary." *Teleconnect Co. v. Iowa State Commerce Comm'n,* 366 N.W.2d 511, 513 (Iowa 1985). Review of a district court's decision whether to stay agency action is ordinarily for abuse of discretion. *See id.* at 514.

▮ Our review of this constitutional issue is however de novo. *State v. Gregg,* 464 N.W.2d 431, 432 (Iowa 1990).

A strong presumption of constitutionality cloaks every Iowa statute. Thus, a party who challenges a statute "carries a heavy burden" of rebutting this presumption. A statute must clearly, palpably, and without doubt infringe upon the constitution before we will declare it unconstitutional.

*Larsson v. Iowa Bd. of Parole,* 465 N.W.2d 272, 273 (Iowa 1991) (citations omitted). Stated otherwise, "[a] person challenging a statute must negate every reasonable basis upon which the statute could be upheld as constitutional." *Schroeder Oil Co. v. Iowa State Dep't of Revenue & Fin.,* 458 N.W.2d 602, 603 (Iowa 1990).

▮ II. Glowacki contends the statute is a violation of both equal protection and due process. The first step in an equal protection or due process analysis is to determine the appropriate test. *See Ruden v. Parker,* 462 N.W.2d 674, 676 (Iowa 1990). A constitutional challenge is analyzed by application of "a rational basis test unless the challenged statute employs a suspect classification or burdens a fundamental right." *Ruden,* 462 N.W.2d at 676.

▮ The case involves neither a suspect classification nor a fundamental right.

Both the equal protection and due process challenges therefore require application of the rational basis test. "Under the rational basis analysis, a statute is constitutional unless it is patently arbitrary and bears no rational relationship to a legitimate governmental interest." *Id.* (quoting *Bennett v. City of Redfield,* 446 N.W.2d 467, 474 (Iowa 1989)). This is a two-prong test: (1) the statute must serve a legitimate governmental interest; and (2) the means employed by the statute must bear a rational relationship to that governmental interest.

▮ III. Glowacki concedes that the state can prohibit a stay pending judicial review where incompetence or unfitness to practice medicine is asserted; he recognizes that in such a case "the State has a strong interest in protecting the public at the earliest time allowed by law." Glowacki nevertheless contends physicians whose competence to practice medicine is not questioned are discriminated against, relative to other licensees, so that section 148.7(9) as applied cannot pass the rational basis test.

Glowacki concedes, and we agree, in the event of a facial challenge, a rational basis exists for the prohibition. The public can be thought to need more protection from incompetent doctors than it needs from other incompetent licensees. The legislature could also conclude that the public needs more protection from overcharging doctors than it needs from other licensees who overcharge. This is true because the challenged billing practices have to do with services that are largely unknown to the average patient and are generally not subject to public view or monitoring. *See Eaves v. Board of Medical Examiners,* 467 N.W.2d 234, 237 (Iowa 1991) ("The State is free to deal with different professions differently without violating the equal protection guarantees....").

▮ Glowacki's equal protection challenge is however not facial; his contention is that the statute as applied to him denies

**2.** Iowa Code § 17A.19(5) provides:
   The filing of the petition for review does not itself stay execution or enforcement of any agency action. Upon application the agency or the reviewing court may, in appropriate cases, order such a stay pending the outcome of the judicial review proceedings.

equal protection. We think the challenge is valid, especially when viewed in the light of the board's defense to Glowacki's due process challenge.

IV. Glowacki's due process challenge is twofold but we need only consider the first basis for the challenge, a procedural due process contention. Glowacki argues his statutory right to judicial review of agency action is rendered ineffective by section 148.7(9). The argument is as follows: his license was suspended for ninety days; any appeal for judicial review will take longer than ninety days; therefore section 148.7(9)'s prohibition against stays effectively eliminates his statutory right to judicial review. This, it is claimed, is a denial of due process under the principle explained in *Barry v. Barchi*, 443 U.S. 55, 66, 99 S.Ct. 2642, 2650, 61 L.Ed.2d 365, 376. The upshot is to improperly single out physicians in denying an effective review of discipline proceedings, even where the challenged practices have been discontinued and where professional competence is unquestioned.

Glowacki's contention finds support in *Ardt v. Illinois Department of Professional Regulation*, 154 Ill.2d 138, 148–52, 180 Ill.Dec. 713, 718–19, 607 N.E.2d 1226, 1231–32 (1992) (dentist appealing sanctions entitled to stay as a matter of due process under court's inherent power notwithstanding lack of statutory authority) (citing *Porter v. Investors Syndicate*, 286 U.S. 461, 471, 52 S.Ct. 617, 621, 76 L.Ed. 1226, 1232 (1932)). The board's reliance on *Commission on Medical Dis. v. Stillman*, 291 Md. 390, 435 A.2d 747 (1981), for a contrary position is misplaced. *Stillman* involved a physician charged with lack of competence whose alleged behavior was an immediate threat to the public.

██ The board's only viable response to Glowacki's procedural due process challenge is that the right of appeal is purely statutory, not constitutional. *Farmers Trust & Sav. Bank v. Manning*, 359 N.W.2d 461, 463 (Iowa 1984); *Van Der Burg v. Bailey*, 207 Iowa 797, 799, 223 N.W. 515, 516 (1929). The same is true of judicial review of agency action; the right

is wholly statutory, not constitutional. *Iowa Dep't of Revenue v. Iowa Merit Employment Comm'n*, 243 N.W.2d 610, 614 (Iowa 1976); *Cedar Rapids Human Rights Comm'n v. Cedar Rapids Community Sch. Dist.*, 222 N.W.2d 391, 402 (Iowa 1974). The board's position comes down to a contention that, because the State would not have to accord licensees an appeal in the first place, there is no harm in withholding the appeal right for physicians.

V. The board's response brings the equal protection issue back into focus. The statutory prohibition against granting stays under Iowa Code section 148.7(9), rooted in the public's strong interest in protecting its citizens at the earliest time allowed by law, has no application here. This is because the board admits Glowacki is no threat to the public. The only purpose to be served in withholding Glowacki's right to a stay would be to single him out as a physician for more severe punishment by denying him an effective review. Under these circumstances we find no rational basis for prohibiting Glowacki from seeking the stay that is available to other licensees. Iowa Code section 148.7(9), as applied to him, is a denial of equal protection. The district court should have so concluded.

**REVERSED AND REMANDED.**