**Donald E. KULISH and Linda L. Kulish, as Co–Administrators of the Estate of Matthew Stephen Kulish, and Donald E. Kulish, and Linda L. Kulish, Individually, Appellants,**

v.

**WEST SIDE UNLIMITED CORPORATION d/b/a West Side Transportation, Incorporated or West Side Transport, Inc., and Douglas M. Zahradnik, Appellees.**

No. 95–48.

Supreme Court of Iowa.

March 20, 1996.

Bruce L. Braley of Dutton, Braun, Staack, Hellman & Iversen, P.L.C., Waterloo, for appellants.

Dennis P. Ogden of Belin Harris Lamson McCormick, P.C., Des Moines, and Patrick M. Roby of Elderkin & Pirnie, P.L.C., Cedar Rapids, for appellees.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

TERNUS, Justice.

Appellants, Donald E. Kulish and Linda L. Kulish, seek to recover consortium damages arising from the wrongful death of their adult son, Matthew Kulish. Relying on principles of equal protection, they ask us to recognize their right to recover such dam-ages under the common law. We conclude the trial court correctly dismissed the Kulishes' claim for loss of their adult son's consortium. Therefore, we affirm.

## I. Background Facts and Proceedings.

Matthew Kulish, an adult, died as a result of injuries sustained when a truck owned by appellee, West Side Unlimited Corporation, and driven by appellee, Douglas Zahradnik, struck his bicycle. Matthew's parents brought two claims against West Side and Zahradnik: a wrongful death claim pursued in the Kulishes' capacity as administrators of their son's estate, and a claim for loss of consortium brought in their individual capacity as parents.

The district court granted the defendants' motion to dismiss the loss of consortium claim, holding that parents of an adult child have no recognized right to recover consortium damages. *See Miller v. Wellman Dynamics Corp.*, 419 N.W.2d 380, 384 (Iowa 1988) (holding a parent's claim for loss of consortium of an adult child is not recognized at common law, by statute, or by rule). In dismissing the Kulishes' claim the court rejected their equal protection argument in which they compared the *common law* right of adult children to recover for loss of parental consortium with the absence of a common law right of parents to recover for the loss of an adult child's consortium. We granted the Kulishes' application for interlocutory appeal.

## II. Scope of Review.

We review a dismissal for failure to state a claim for legal error. Iowa R.App.P. 4; *Smith v. Smith*, 513 N.W.2d 728, 730 (Iowa 1994). Such a dismissal will be upheld if there is no conceivable state of facts under which the party may recover. *Smith*, 513 N.W.2d at 730.

## III. Overview of Loss of Consortium Claims.

Before addressing the issue raised in this appeal, it is helpful to briefly summarize Iowa's loss of consortium law. Iowa Code section 613.15 (1993) permits an injured person or the administrator of the estate of a deceased person to recover "the value of

services and support as spouse or parent, or both." The term "services," as used in section 613.15, includes intangible consortium damages. *Audubon–Exira Ready Mix, Inc. v. Illinois Cent. Gulf R.R.*, 335 N.W.2d 148, 152 (Iowa 1983). Thus, by statute, a person may recover for the loss of consortium resulting from the injury to or death of that person's spouse. *Id.* Similarly, adult and minor children may recover consortium damages when their parents are injured or killed. *Id.* (Although there are limitations on who may sue for such damages, *see id.* at 152–53, those limitations are irrelevant to the issue presented here.)

■■ Section 613.15 does not encompass losses suffered when one's *child* is injured or dies. *Miller*, 419 N.W.2d at 383 (section 613.15 only refers to services "as spouse or parent," not as a child). However, such losses are partially addressed in Iowa Rule of Civil Procedure 8:

> A parent, or the parents, may sue for the expense and actual loss of services, companionship and society resulting from injury to or death of a *minor* child.

(Emphasis added.) Losses resulting from the injury to or death of an *adult* child are not within the scope of rule 8 and therefore, parents of an adult child have no claim under rule 8 for injuries to or death of their child. *Miller*, 419 N.W.2d at 383. Furthermore, we have upheld rule 8 against a constitutional challenge, holding the rule's distinction between parents of adult children and parents of minor children does not violate equal protection principles. *Ruden v. Parker*, 462 N.W.2d 674, 676 (Iowa 1990).

Although we have had many opportunities to recognize a common law parental right to recover damages for injury to or death of an adult child, we have consistently refused to take such a step. *E.g., Counts v. Hospitality Employees, Inc.*, 518 N.W.2d 358, 361 (Iowa 1994); *Ruden*, 462 N.W.2d at 676–77; *Miller*, 419 N.W.2d at 384. The basis for our refusal is simple: The legislature has defined the remedies available for injury to or death of a person, and thus, any recovery is limited to those remedies provided by the legislature. *See Counts*, 518 N.W.2d at 361. As section 613.15 is specifically limited to spousal and parental consortium claims, *Miller*, 419 N.W.2d at 383, and rule 8 is specifically limited to loss of a minor child's consortium, *Ruden*, 462 N.W.2d at 676–77, there is no basis upon which to recognize parental consortium rights for the loss of adult children.

### IV. Do Principles of Equal Protection Require the Recognition of a Common Law Claim for a Parent's Loss of Consortium Arising Out of the Death or Injury of an Adult Child?

■ On appeal, the Kulishes renew their contention that as a matter of equal protection, parents should have the same right to recover for loss of consortium arising from the death of their adult child that an adult child has to recover consortium damages for the death of his or her parents. Both the United States Constitution and the Iowa Constitution guarantee to all persons the equal protection of the law. U.S. Const. Amend. XIV, § 1; Iowa Const. art. 1, § 6. In reviewing equal protection claims involving one's entitlement to recover damages for the injury to or death of another, we apply a rational basis test. *Ruden*, 462 N.W.2d at 676. "Under the rational basis analysis, a statute is constitutional unless it is patently arbitrary and bears no rational relationship to a legitimate governmental interest." *Bennett v. City of Redfield*, 446 N.W.2d 467, 473 (Iowa 1989).

Before applying this analysis, however, it is crucial to point out the Kulishes disavow any challenge to section 613.15, the statute creating an adult child's right to recover for loss of parental consortium.[1] By necessity, then, the Kulishes rest their argument upon the existence of a *common law* right of an adult child to recover consortium damages

---

1. The Kulishes do not mention § 613.15 in their appellants' brief, but in their reply brief, they state: "The focus of this appeal is on the equal protection analysis of consortium claims, not the statutory basis for wrongful death recoveries."

resulting from injury to or death of a parent.[2] They then argue there is no rational basis to distinguish between the loss suffered by an adult child when the child's parents die and the loss suffered by parents when their adult child dies.[3]

The fatal flaw in the Kulishes' analysis is the lack of any common law right of adult children to recover for loss of parental consortium. *See Audubon–Exira,* 335 N.W.2d at 151–52 (adult child's claim for loss of parental consortium derives from section 613.15). The absence of a common law right is particularly apparent where the injured person has died, as is the case here. *See Ruden,* 462 N.W.2d at 675 (Iowa has never recognized a common law action for wrongful death); *Miller,* 419 N.W.2d at 383 (upon death common law rights are extinguished and recovery "exists only by, and to the extent of, legislative grace"); *Wilson v. Iowa Power & Light Co.,* 280 N.W.2d 372, 373 (Iowa 1979) ("Authority to recover for wrongful death is entirely statutory in Iowa."). Thus, with respect to loss of consortium claims, the common law does not treat parents of adult children differently than adult children: neither children nor parents have a *common law right* to recover damages for the loss of consortium of a parent or child, respectively. Therefore, the Kulishes' equal protection argument fails.

Because the Kulishes do not challenge the constitutionality of section 613.15, we express no opinion on whether that statute violates equal protection by allowing adult children to recover for loss of parental consortium while denying a corresponding right in parents of adult children to recover damages upon the

child's death or injury. *See Miller,* 419 N.W.2d at 383 (section 613.15 does not allow parents to recover for their child's wrongful death or injury). We simply hold there is no basis to conclude that the common law violates the Kulishes' rights of equal protection.

**AFFIRMED.**

---

Indeed, at oral argument Kulishes' counsel conceded that they do not challenge § 613.15.

**2.** The Kulishes' brief states "[i]t is a well-established rule of *common law* that adult children in Iowa can bring loss of consortium claims for the injury to or death of a parent." (Emphasis added.) However, the four cases they cite in support of this statement recognize such claims as arising from Iowa's wrongful death statute, Iowa Code § 613.15, not under the common law. *See Nelson v. Ludovissy,* 368 N.W.2d 141 (Iowa 1985); *Audubon–Exira Ready Mix, Inc. v. Illinois Cent. Gulf R.R.,* 335 N.W.2d 148 (Iowa 1983); *Iowa–Des Moines Nat'l Bank v. Schwerman Trucking Co.,* 288 N.W.2d 198 (Iowa 1980); *Schmitt v.*

*Jenkins Truck Lines, Inc.,* 170 N.W.2d 632 (Iowa 1969).

**3.** Again the Kulishes focus solely upon distinctions they claim exist in the common law:

The appropriate rational basis analysis in this case is whether (1) allowing adult children the *common law right* to recover for loss of consortium arising from the injury or death of their parents, while (2) depriving parents a *common law right* to recover for loss of consortium arising from the injury or death of their adult children "is patently arbitrary and bears no rational relationship to a legitimate governmental interest."

(Emphasis in the original.)