*This opinion is subject to revision before
publication in the Pacific Reporter*

**2016 UT 37**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

ROBERT BENDA and CHRISTINA BENDA,
individually and as parents and guardians of P.B., a minor,
*Appellants*,

*v.*

ROMAN CATHOLIC BISHOP OF SALT LAKE CITY
dba CATHOLIC DIOCESE OF SALT LAKE CITY
and SKAGGS CATHOLIC CENTER dba
JUAN DIEGO CATHOLIC HIGH SCHOOL,
*Appellees*.

No. 20150221
Filed August 25, 2016

On Direct Appeal

Third District, Salt Lake
The Honorable Sandra N. Peuler
No. 140905541

Attorneys:

Troy L. Booher, Beth E. Kennedy, Salt Lake City,
John F. Romano, John E. Romano, Hali E. Marsocci, Lake Worth, FL,
for appellants

Gary L. Johnson, Mark L. McCarty, Zachary E. Peterson,
Kallie A. Smith, Salt Lake City, for appellees

JUSTICE HIMONAS authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE DURHAM, and JUSTICE PEARCE joined.

JUSTICE HIMONAS, opinion of the Court:

## INTRODUCTION

¶ 1     After a fourteen-year-old student at Juan Diego Catholic High School suffered serious and life-threatening injuries in his drama class, his parents filed a lawsuit, individually and as parents and guardians of the student. They asserted negligence and vicarious liability claims and also sought to bring a personal claim for loss of filial consortium. The district court dismissed the loss of filial consortium claim and certified the dismissal as final under rule 54(b) of the Utah Rules of Civil Procedure. The parents appealed to this court.

¶ 2     The question before us is whether Utah should "judicially adopt a cause of action that allows the parents of a tortiously injured [minor] child to recover for loss of the child's consortium." *Boucher ex rel. Boucher v. Dixie Med. Ctr.*, 850 P.2d 1179, 1182–83 (Utah 1992). As explained below, we adopt a cause of action for loss of filial consortium allowing parents to recover for loss of filial consortium due to tortious injury to a minor child in cases where the injury meets the definition set forth in Utah Code section 30-2-11, the spousal consortium statute. Therefore, we reverse the district court's dismissal of the loss of filial consortium claim and remand the matter to the district court for further proceedings.

## BACKGROUND

¶ 3     On October 26, 2012, a fourteen-year-old student at Juan Diego Catholic High School was injured in drama class while working as part of a student crew on the set for the school's drama production.[1] The drama teacher had told the student to "climb into a lift to replace light bulbs in the auditorium." While the student was in the lift and elevated thirty feet in the air, the teacher instructed several other drama

---

[1] Because this is an appeal from a motion to dismiss, we recite the facts in favor of the nonmoving party. *Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶ 3, 108 P.3d 741 ("When reviewing the propriety of a motion to dismiss, we accept the factual allegations in the complaint as true and interpret those facts and all reasonable inferences drawn therefrom in a light most favorable to the plaintiff as the nonmoving party."). We do not provide an exhaustive summary of the facts in this case, however, because the issue we are asked to address is one of law and not dependent on the particular facts.

students to push the lift along the floor to move it from one light to the next. Unfortunately, the lift toppled over, and the student suffered serious and life-threatening injuries.

¶ 4   In August 2014, the student's parents, individually and as parents and guardians of the student, filed suit against the Catholic Diocese of Salt Lake City and Juan Diego Catholic High School. The parents alleged that the defendants' negligence caused the student "to suffer severe and life-threatening injuries, including a traumatic brain injury, as a result of a man-lift toppling over while [the student] was suspended in the air, causing him to be thrown out of the lift and onto the ground while in class during regular school hours." In addition to negligence and vicarious liability claims against both defendants, the parents sought to bring a claim for loss of filial consortium, seeking damages for the loss of "consortium, companionship, services, comfort, society, and attention."

¶ 5   The high school "admit[ted] fault and accept[ed] responsibility . . . for the injuries that [the student] actually suffered," but both defendants moved to dismiss the loss of filial consortium claim on the ground that Utah does not recognize such a claim. Because the loss of filial consortium claim is "the only claim[] asserted by the parents individually," the defendants also requested that the dismissal of that claim be certified as final under rule 54(b) of the Utah Rules of Civil Procedure.

¶ 6   Following a December 17, 2014 hearing on the motion to dismiss the loss of filial consortium claim, as well as supplemental briefing regarding 54(b) certification, the district court issued an order granting the motion to dismiss and certifying it as final. On March 20, 2015, the parents appealed to the Utah Supreme Court from that final order "and any subsidiary rulings or orders leading to final judgment." We have jurisdiction pursuant to Utah Code section 78A-3-102(3)(j).

**ANALYSIS**

¶ 7   The question before us is whether Utah should "judicially adopt a cause of action that allows the parents of a tortiously injured [minor] child to recover for loss of the child's consortium." *Boucher ex rel. Boucher v. Dixie Med. Ctr.*, 850 P.2d 1179, 1182–83 (Utah 1992). This is a question of first impression.

¶ 8   Claims for loss of consortium "are based on the recognition of a legally protected interest in personal relationships." *Id.* at 1183. The cause of action allows a party to recover for damage to the "relational

interest, i.e., the loss of the injured party's company, society, co-operation, [and] affection," that is caused by tortious injury to another member of the relationship. *Id.* (alteration in original) (internal quotation marks omitted). Utah law allows the spouse of a tortiously injured person to recover for loss of consortium. UTAH CODE § 30-2-11. Claims for loss of spousal consortium are "derivative from the cause of action existing in behalf of the injured person." *Id.* § 30-2-11(5)(a). Under our current case law, there is no right for parents to recover for loss of consortium due to tortious injury to their adult child. *Boucher*, 850 P.2d at 1187. We have not been asked to revisit that question based on changes in the law since our decision in *Boucher*. *See infra* ¶¶ 12–14. We are, however, now asked to recognize a right for parents to recover for loss of consortium due to tortious injury to their minor child. For reasons set forth below, we adopt such a cause of action for loss of filial consortium.

¶ 9 We first analyze the current state of the law and conclude that adoption of this cause of action is neither precluded by our decision in *Boucher* nor legislatively preempted. We then proceed to adopt a cause of action allowing parents to recover for loss of consortium due to tortious injury to their minor child, and we provide some limited guidance.

## I. *BOUCHER*

¶ 10 Our decision in *Boucher* does not preclude adoption of the cause of action because *Boucher* is not binding precedent for this case. Additionally, *Boucher*'s broad reasoning, which might otherwise argue against adopting this cause of action, has been largely undercut by the legislature's passage of a spousal consortium statute.

¶ 11 *Boucher* is distinguishable because in that case we addressed the question of whether Utah should "judicially adopt a cause of action that allows the parents of a tortiously injured *adult* child to recover for loss of the child's consortium." *Boucher ex rel. Boucher v. Dixie Med. Ctr.*, 850 P.2d 1179, 1182–83 (Utah 1992) (emphasis added). In *Boucher*, we declined to adopt a cause of action for loss of filial consortium due to tortious injuries to *adult* children. *Id.* at 1187. That decision has no binding precedential value for the question before us today, which relates to claims involving tortious injuries to *minor* children. Therefore, the holding in *Boucher* does not preclude adoption of the cause of action that is before us today.

¶ 12 Although *Boucher*'s holding is inapposite, we recognize that some of the language in the analysis in *Boucher* is broad enough to be

construed to apply to claims involving minor children, but much of that reasoning has been undercut by subsequent developments. In *Boucher*, we placed particular importance on the fact that Utah law at the time "d[id] not support the adoption of a loss of filial consortium claim." *Id.* at 1184. Our analysis of Utah law relied heavily on *Hackford v. Utah Power & Light Co.*, 740 P.2d 1281 (Utah 1987). *Boucher*, 850 P.2d at 1184–86. In *Hackford*, we reaffirmed precedent interpreting Utah's Married Woman's Act as eliminating the common law right to sue for loss of spousal consortium. 740 P.2d at 1282, 1286. We concluded that if that cause of action was "to be created anew in Utah, it should be done by the legislature." *Id.* at 1286–87. In 1997, ten years after *Hackford* and five years after *Boucher*, the legislature accepted that invitation by enacting Utah Code section 30-2-11, which sets forth a cause of action for loss of spousal consortium.

¶ 13 The enactment of the spousal consortium statute eliminates the "anomalous results" and "inequitable applications of the consortium doctrine" that would have resulted from "allowing recovery for the loss of an adult child's consortium and denying recovery for the loss of a spouse's consortium." *Boucher*, 850 P.2d at 1184. Likewise, no such anomalous results inhere in recognizing a claim for the loss of a minor child's consortium today, in addition to the claim for the loss of a spouse's consortium, which is currently recognized under Utah law. In *Boucher*, we also cited to *Hackford* for the concern that Utah had not recognized any consortium claim allowing recovery because of tortious, nonfatal injuries to a third person, but again, this is no longer the case, due to the legislature's enacting the spousal consortium statute. *Id.* at 1184–85. Additionally, we cited to *Hackford* for concerns about the potential for consortium claims to "greatly expand[] the liability that can flow from one negligent act" and the "potential adverse impact . . . on the cost and availability of insurance." *Id.* at 1185. The legislature chose to enact the spousal consortium statute despite those concerns, which suggests that the legislature considered the importance of the claim and possibility for recovery to outweigh those concerns. We conclude that the importance of the possibility for parents to recover for loss of filial consortium due to tortious injury to their minor child likewise outweighs those concerns.

¶ 14 In *Boucher*, we also addressed and rejected an argument that because recovery for loss of consortium is available in wrongful death cases, such recovery should be extended to cases involving nonfatal injuries; we indicated that we had "rejected a similar argument in *Hackford*," but again, the passage of Utah Code section 30-2-11

significantly undercuts that analysis. *Id*. at 1186. The parents in *Boucher* argued that since "Utah allows recovery for the loss of society and affection in wrongful death cases, it is logical to extend this theory of damages to cases involving nonfatal injuries." *Id.* At the time, we pointed out the distinction that the deceased party in a wrongful death case had no cause of action and that the legislature specifically prescribed other parties as having "a right to recover for the loss of the deceased's society and affection." *Id*. We reasoned that allowing recovery for loss of consortium only in wrongful death cases and not in cases involving nonfatal injuries (where the physically injured party *would* have a cause of action) prevented the danger of expansive liability. *Id*. Since our decision in *Boucher*, however, the legislature has chosen to extend that theory of damages to cases involving nonfatal injuries to spouses. If the concern about the danger of expansive liability is not sufficient to bar that cause of action, we do not see why it should bar a cause of action for loss of filial consortium for parents in cases involving nonfatal injuries to minor children. Thus, *Boucher* does not constitute binding precedent preventing adoption of this new cause of action, and the reasoning in *Boucher* that might otherwise have supported not expanding loss of consortium claims in this way has been largely undercut by subsequent developments in the law.

## II. UTAH CODE SECTION 30-2-11

¶ 15   In addition to adoption of this new cause of action not being precluded by *Boucher*, it is also not legislatively preempted by the passage of Utah Code section 30-2-11 subsequent to *Boucher* and *Hackford*. The defendants argue that "[a]t the same time the legislature enacted the spousal loss of consortium statute, it could have created a loss of filial consortium statute." Because the legislature did not also enact a loss of filial consortium statute when it created anew a loss of spousal consortium claim, the defendants conclude that "the legislature . . . declined to extend loss of consortium claims to permit parents to recover for filial loss of consortium." We reject the notion that the legislature has spoken in the area and supplanted our ability to act. There is no indication of legislative preemption either by the language or by the structure of Utah Code section 30-2-11.

¶ 16   First, although *Boucher* was decided five years before passage of the spousal consortium statute, there is no indication that the legislature considered and rejected the possibility for recovery for loss of filial consortium. No express language in the statute precludes that possibility. *Cf. In re Adoption of A.B.*, 2010 UT 55, ¶ 29, 245 P.3d 711

("Express preemption cannot occur through mere silence; it requires an explicit statement delivered in a clear congressional voice." (internal quotation marks omitted)). Even if we accepted the argument that the legislature's not having enacted a filial consortium statute subsequent to our decision in *Boucher* shows that the legislature rejected such a cause of action, that conclusion would be limited to the viability of a cause of action for loss of filial consortium in cases involving tortious injury to an *adult* child. Since *Boucher* did not address loss of filial consortium in cases involving injury to minor children, we cannot assume, based on legislative silence, that the legislature "declined to extend loss of consortium claims" to such situations.

¶ 17 Second, nothing about the structure of the statute suggests that the legislature occupied the field of loss of consortium claims such as to prevent us from recognizing a common law loss of consortium claim. *Cf. Utah Div. of Consumer Prot. v. Flagship Capital*, 2005 UT 76, ¶ 11, 125 P.3d 894 ("[A] federal statute implicitly overrides state law either when the scope of a statute indicates that Congress intended federal law to occupy a field exclusively, or when state law is in actual conflict with federal law." (citation omitted)). The defendants indicate that "Utah has two specific, limited statutory causes of action allowing recovery of consortium damages only for injuries to a spouse and for injuries resulting in death." By "injuries resulting in death," the defendants seem to be referencing the wrongful death statute in Utah Code section 78B-3-106. That statute does not explicitly mention loss of consortium, and it focuses exclusively on recovery in wrongful death cases, in no way occupying the field of loss of consortium claims for situations involving nonfatal injuries. As to the spousal consortium statute, its structure in no way suggests field preemption. That statute, Utah Code section 30-2-11, appears in the "Property Rights" chapter of "Title 30 Husband and Wife" in the Utah Code. That structure does not suggest an overarching statutory scheme encompassing the full extent of all loss of consortium claims under Utah law. Rather, it shows the cause of action for loss of spousal consortium as a specific right adopted in the context of property rights relating to husbands and wives. Thus, neither the language nor the structure preempts judicial adoption of a cause of action allowing parents to recover for loss of consortium due to tortious injury to their minor child.

## III. LOSS OF FILIAL CONSORTIUM DUE TO INJURY TO A MINOR CHILD

¶ 18 Having analyzed the current state of Utah law, we now proceed to adopt a cause of action for parents' loss of filial consortium due to tortious injury to their minor child, and we briefly delineate some parameters of that cause of action.

¶ 19 Utah law already recognizes a cause of action for loss of consortium due to tortious injury to one's spouse, and we see merit in extending the right to recovery for loss of consortium to the relationship between parents and a minor child. Like the relationship between spouses, the relationship between parents and a minor child is a legally recognized relationship involving legal obligations. Like the relationship between spouses, it also tends to be a particularly close relationship highly valued in society. *See, e.g.*, *Ruden v. Parker*, 462 N.W.2d 674, 676 (Iowa 1990) ("Minor children, as a general rule, live with their parents, and during their early years the interaction between the parent and child is of great importance to the parents, the child and society as a whole."); *cf. Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 38 (1981) ("At stake here is the interest of a parent in the companionship, care, custody, and management of his or her children. This interest occupies a unique place in our legal culture, given the centrality of family life as the focus for personal meaning and responsibility. [F]ar more precious . . . than property rights, parental rights have been deemed to be among those essential to the orderly pursuit of happiness by free men . . . ." (first and second alterations in original) (internal quotation marks omitted)). Utah law already recognizes a right to recovery for loss of filial consortium in wrongful death cases. *Boucher ex rel. Boucher v. Dixie Med. Ctr.*, 850 P.2d 1179, 1187 (Utah 1992) (Stewart, J., dissenting) ("[A] parent's cause of action for the loss of the companionship, society, and affection (i.e., consortium) of a child as a result of a wrongful death has been deemed so important in Utah that it is protected by our Constitution and by statute."). Just as the legislature saw merit in re-creating the cause of action for loss of spousal consortium, *see supra* ¶ 12, we see merit in extending a cause of action for loss of consortium to parents of a tortiously injured minor child.

¶ 20 In adopting this cause of action, we provide some limited guidance. Like the claim for loss of spousal consortium, the claim for loss of filial consortium is "derivative from the cause of action existing in behalf of the injured person." UTAH CODE § 30-2-11(5). Additionally, we adopt the cause of action exclusively for cases where the injury

meets the definition set forth in Utah Code section 30-2-11(1)(a). However, we do not at this time determine whether the minor child's injuries in this case satisfy the statutory definition; instead, we leave that determination, in the first instance, to the district court. Finally, we specifically hold that the claim is not cabined to the period of minority. That is, this cause of action allows parents to recover for the loss of filial consortium suffered from the time of the injury.[2] Thus, we hold that parents may recover for loss of filial consortium due to tortious injury to a minor child in cases where the injury meets the definition set forth in Utah Code section 30-2-11(1)(a).

## CONCLUSION

¶ 21 We conclude that adoption of a cause of action for parents' loss of filial consortium due to tortious injury to their minor child is neither precluded by our decision in *Boucher* nor legislatively preempted. For the reasons described above, we hereby adopt a cause of action allowing parents to recover for loss of filial consortium due to tortious injury to a minor child in cases where the injury meets the definition set forth in Utah Code section 30-2-11(1)(a). Accordingly, we reverse the district court's dismissal of the loss of filial consortium claim in this case and remand the matter to the district court for further proceedings.

---

[2] We recognize that this period of recovery may be in tension with our prior decision in *Boucher ex rel. Boucher v. Dixie Medical Center*, 850 P.2d 1179 (Utah 1992), declining to recognize a cause of action for loss of filial consortium due to injuries to an adult child. However, because the case at hand involves a minor child, the question of whether to revisit *Boucher* and recognize such a right in cases involving injury to an adult child is not before us, and we decline to tread there without the benefit of adversarial briefing.